BASALT ROCK CO., Inc. v. COMMISSION-
ER OF INTERNAL REVENUE.

No. 12080.

United States Court of Appeals
Ninth Circuit.

Feb. 6, 1950.

Writ of Certiorari Denied May 29, 1950.
See 70 S.Ct. 1003.

Francis R. Kirkham, Sigvald Nielson, Harry R. Horrow and Murray Gartner, San Francisco, Cal. (Pillsbury, Madison & Sutro, San Francisco, Cal., of counsel), for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Lee A. Jackson, Hilbert P. Zarky and Sumner Redstone, Sp. Assts. to Atty. Gen., for respondent.

Before MATHEWS, HEALY and POPE, Circuit Judges.

MATHEWS, Circuit Judge.

Here for review is a decision of the Tax Court (10 T.C. 600) holding that there was a deficiency of $355,342.21 in respect of petitioner's excess profits tax [1] for 1942—a decision from which five judges of the Tax Court dissented.[2] Petitioner contends that, instead of a deficiency of $355,342.21, there was an overpayment of $935,575.38. The question presented is whether petitioner's excess profits tax for 1942 was correctly computed by the Tax Court.

Petitioner's excess profits tax for 1942 was a tax equal to whichever of the following amounts was the lesser: (A) 90% of petitioner's adjusted excess profits net income for 1942, or (B) an amount which, when added to petitioner's income tax [3] (normal and surtax) for 1942, equaled 80% of petitioner's corporation surtax net income for 1942, computed under 26 U.S.C.A. Int.Rev. Code, § 15,[4] but without regard to the credit provided in 26 U.S.C.A.Int.Rev. Code, § 26(e).[5] See 26 U.S.C.A.Int.Rev.

1. The tax imposed by 26 U.S.C.A.Int.Rev. Code, §§ 710–784.

2. There were two dissenting opinions—one by Judge Van Fossan (10 T.C. 612) concurred in by Judges Arundell, Black and Johnson and one by Judge Kern (10 T.C. 615) concurred in by Judges Arundell and Black.

3. The tax imposed by 26 U.S.C.A.Int.Rev. Code, §§ 1–476.

4. The pertinent provisions of § 15 were as follows:

"(a) Corporation surtax net income.— For the purposes of this chapter [26 U.S.

C.A.Int.Rev.Code, §§ 1–476], the term 'corporation surtax net income' means the net income minus the credit * * * provided in section 26(e) [26 U.S.C.A. Int.Rev.Code, § 26(e)] and minus [two other credits].

"(b) Imposition of tax.—There shall be levied, collected, and paid for each taxable year upon the corporation surtax net income of every corporation * * * a surtax * * *." 56 Stat. 805, § 105.

5. Section 26(e) provided as a credit, in the case of any corporation subject to the excess profits tax, an amount equal to its adjusted excess profits net income.

Code, § 710(a).[6] Both amounts, therefore, had to be computed in computing petitioner's excess profits tax for 1942.

Petitioner and respondent agree that amount A—the amount mentioned in § 710 (a) (1) (A)—was correctly computed by the Tax Court.

In computing amount (B)—the amount mentioned in § 710(a) (1) (B)—it was necessary to compute petitioner's income tax (normal and surtax) for 1942 and to compute, in the manner prescribed in § 710(a) (1) (B), petitioner's corporation surtax net income for 1942, hereafter called petitioner's 710(a) (1) (B) corporation surtax net income.

Petitioner and respondent agree that petitioner's income tax (normal and surtax) for 1942 was correctly computed by the Tax Court.

In computing petitioner's § 710(a) (1) (B) corporation surtax net income for 1942, it was necessary to compute petitioner's gross income for 1942. Petitioner's gross income for 1942 included income from long-term contracts—contracts the performance of which required more than 12 months. Petitioner was entitled to elect, and did elect, in its excess profits tax return for 1942, for the purposes of that tax, to compute its income from long-term contracts upon the percentage of completion method of accounting provided by 26 U.S.

C.A.Int.Rev.Code, § 736(b).[7] For all other purposes, petitioner's income from long-term contracts was computed upon the completed contract method of accounting, that being the method regularly employed in keeping petitioner's books of account.

In computing petitioner's § 710(a) (1) (B) corporation surtax net income for 1942, the Tax Court computed petitioner's income from long-term contracts upon the percentage of completion method of accounting.

Petitioner contends that, in computing its § 710(a) (1) (B) corporation surtax net income for 1942, its income from long-term contracts should have been computed upon the completed contract method of accounting—a contention based on the following language of § 710(a) (1) (B): "* * * the corporation surtax net income, computed under section 15 * * * but without regard to the credit provided in section 26(e) * * *."[8]

Respondent contends that, in computing petitioner's § 710(a) (1) (B) corporation surtax net income for 1942, petitioner's income from long-term contracts was properly computed upon the percentage of completion method of accounting—a contention based on § 736(b) and a regulation prescribed thereunder (§ 35.736(b)-3 of Treasury Regulations 112).[9]

Petitioner's actual corporation surtax net

6. The pertinent provisions of § 710(a) were as follows:

"(1) General Rule. There shall be levied, collected, and paid, for each taxable year, upon the adjusted excess-profits net income * * * of every corporation * * * a tax equal to whichever of the following amounts is the lesser:

"(A) 90 per centum of the adjusted excess-profits net income, or

"(B) an amount which when added to the tax imposed for the taxable year under Chapter 1 [26 U.S.C.A.Int.Rev.Code, §§ 1–476] * * * equals 80 per centum of the corporation surtax net income, computed under section 15 [26 U.S.C.A. Int.Rev.Code, § 15], * * * but without regard to the credit provided in section 26(e) [26 U.S.C.A.Int.Rev.Code, § 26 (e)] * * *." 56 Stat. 899, § 202.

7. The pertinent provisions of § 736(b) were as follows: "In the case of any tax-

payer computing income from contracts the performance of which requires more than 12 months, * * * it may elect, in its return for such taxable year for the purposes of this subchapter [26 U.S.C.A. Int.Rev.Code, §§ 710–784], * * * to compute, in accordance with regulations prescribed by the Commissioner [of Internal Revenue] with the approval of the Secretary [of the Treasury], such income upon the percentage of completion method of accounting. Such election shall be made in accordance with such regulations and shall be irrevocable when once made and shall apply to all other contracts, past, present, or future, the performance of which required or requires more than 12 months."

8. See footnote 6.

9. The pertinent provisions of § 35.736 (b)-3 were as follows: "The excess prof-

income for 1942—the corporation surtax net income upon which its surtax for 1942 was imposed—differed from its § 710(a) (1) (B) corporation surtax net income for 1942, in that its actual corporation surtax net income for 1942 was required by § 15 to be computed under § 15, including that part of § 15 which allowed the credit provided in § 26(e),[10] whereas its § 710(a) (1) (B) corporation surtax net income for 1942 was required by § 710(a) (1) (B) to be computed under § 15, but without regard to the credit provided in § 26(e).[11] There was no other difference between petitioner's actual corporation surtax net income for 1942 and its § 710(a) (1) (B) corporation surtax net income for 1942.

As indicated above, the Tax Court, in computing amount (B), had to compute, and did compute, petitioner's income tax (normal and surtax) for 1942. In computing petitioner's surtax for 1942, the Tax Court had to compute, and did compute, petitioner's actual corporation surtax net income for 1942. In computing petitioner's actual corporation surtax net income for 1942, the Tax Court computed petitioner's income from long-term contracts upon the completed contract method of accounting. Petitioner and respondent agree that this was a proper computation.

It follows that, in computing petitioner's § 710(a) (1) (B) corporation surtax net income for 1942, its income from long-term contracts should have been computed upon the completed contract method of accounting.

Section 736(b) did not authorize petitioner to elect, for the purpose of computing its § 710(a) (1) (B) corporation surtax net income, to compute its income from long-

term contracts upon the percentage of completion method of accounting, nor did petitioner make any such election. Petitioner's election under § 736(b) applied to the computation required by § 710(a) (1) (A). It did not apply to any of the computations required by § 710(a) (1) (B).

Section 35.736(b)-3 of Treasury Regulations 112, in so far as it provided that § 710(a) (1) (B) corporation surtax net income should "be determined by computing the income from long-term contracts upon the percentage of completion method of accounting," [12] was inconsistent with § 710 (a) (1) (B) and hence was invalid.

Amount (B), as computed by the Tax Court, was greater than amount (A). Consequently petitioner's excess profits tax for 1942, as computed by the Tax Court, was a tax equal to amount (A).

Because of the failure to compute petitioner's income from long-term contracts upon the completed contract method of accounting, the Tax Court's computation of petitioner's § 710(a) (1) (B) corporation surtax net income for 1942 was incorrect. Consequently its computation of amount (B) was incorrect.

Amount (B), properly computed, was less than amount (A). Consequently petitioner's excess profits tax for 1942, properly computed, was a tax equal to amount (B), properly computed.

It follows that the Tax Court's computation of petitioner's excess profits tax for 1942 was incorrect.

The decision is reversed, and the case is remanded to the Tax Court for further proceedings in conformity with this opinion.

---

its tax may be computed under § 710(a) (1) (B) as an amount which when added to the normal tax and surtax computed under Chapter 1 [26 U.S.C.A.Int.Rev. Code, §§ 1–476] for the taxable year equals 80 percent of the corporation surtax net income properly adjusted under the provisions of section 710(a) (1) (B) applicable to such year. For such purpose, the corporation surtax net income

shall be determined by computing the income from long-term contracts upon the percentage of completion method of accounting."

10. See footnotes 4 and 5.

11. See footnotes 5 and 6.

12. See footnote 9.