## SOKOL BROS. FURNITURE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13030.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1950.

Crampton Harris, George S. Brown, and Robert Scott Gordon, all of Birmingham, Ala., for petitioner.

Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Charles Oliphant, Chief Counsel, Bur. of Int. Rev., Claude R. Marshall, Sp. Atty. Bur. of Int. Rev., Washington, D. C., and Lee A. Jackson and Hilbert P. Zarky, Sp. Assts. to Atty. Gen., for respondent.

Before McCORD, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

In this proceeding, Sokol Brothers Furniture Company, seeks a review and reversal of the decision of the Tax Court upholding the Commissioner's determination of the taxpayer's deficiency in excess profits taxes for 1944 and 1945. By stipulation all issues have been removed from the petition for review except the Tax Court's holding, contrary to the contentions of the petitioner, that in the computation of excess profits taxes imposed by section 710 of the Internal Revenue Code, 26 U.S.C.A. § 710, the election exercised by the taxpayer to compute its income from installment sales on the accrual basis in lieu of the installment basis [1] applied not only to the computation of "adjusted excess profits net income" as expressed in section 710(a) (1) (A), but also in the computation of "corporation surtax net income" as expressed in section 710 (a) (1) (B).[2] This is the

1. The portion of the statute material here provides that the taxpayer, if eligible under the statute, "may elect, in its return for the taxable year, for the purposes of the tax imposed by this subchapter, to compute, in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued, in lieu of the basis provided by section 44(a). * * *" Sec. 736(a), Internal Revenue Code, 26 U.S.C.A. § 736(a).

2. "(1) General rule. There shall be levied, collected, and paid, for each taxable year, upon the adjusted excess-profits net income, as defined in subsection (b), of every corporation (except a corporation exempt under section 727) a tax equal to whichever of the following amounts is the lesser:

"(A) 95 per centum of the adjusted excess profits net income, or

"(B) an amount which when added to the tax imposed for the taxable year under Chapter 1 (other than section 102) equals 80 per centum of the corporation surtax net income, computed under section 15 or Supplement G, as the case may be, but without regard to the credit provided in section 26(e) (relating to in-

method of computation required by Treasury Regulation 112, Section 35.736 (a)-3 (as amended by T. D. 5388).[3]

The petitioner vigorously contends that this Regulation is invalid because not authorized by, and in fact expressly contrary to, the language of the statute. The basis of its argument is that section 710 (a) (1) (B) provides a specific concept (in its express reference to Chapter 1, section 15) of the "corporation surtax net income" of the taxpayer, as in fact computed and returned for income tax purposes under Chapter 1. For Chapter 1 purposes the petitioner's "corporation surtax net income" was computed under section 15 upon the installment basis of accounting provided by section 44 (a) of the Internal Revenue Code, 26 U.S.C.A. §§ 15, 44, and the petitioner asserts that it is this "corporation surtax net income" as thus computed which measures the computation, or limitation under section 710 (a) (1) (B). Manifestly if this interpretation of the statute be correct, the regulation is contrary to the statute. In opposition to taxpayer's contention the Commissioner asserts with equal vigor that this contention disregards the legislative history and purpose of the excess profits tax statute and is not consonant with the statutory language. The Commissioner's position is at last bottomed upon the language of section 736 (a), supra, buttressed by reference to the established principle by which consistency is required in accounting methods, and to the purpose of the Congress in the enactment under consideration to afford relief to installment basis taxpayers (which resulted as well in affording the privilege of election referred to as in the provision insuring that excess profits taxes should not exceed the lesser of section 710 (a) (1) (A) or section 710 (a) (1) (B), as the case might be). His argument, summarized, is that the language of the pertinent provisions of section 736 (a) plainly specifies that the election is "for the purposes of the tax imposed by this subchapter," that is, "for excess profits tax purposes" and that in case of such election the accrued income method of accounting is required to be used for the purposes of computing the tax under section 710 (a) (1) (B) equally as it is required to be used in the computation required for the purposes of section 710 (a) (1) (A), since either and both of these are equally a part of the excess profits tax subchapter. If this position is sound, of course Regulation 112, section 35.736 (a)-3 (as amended by T. D. 5388), is entirely in accord with the statutory language and purpose. In order to determine the validity of the Regulation in question, we are therefore required to consider these opposing contentions of the parties in the light of the language and provisions of the excess profits tax subchapter of the Internal Revenue Code.[4] There are present in the case no questions of the correctness in detail of any computation of the asserted deficiency, save as it is controlled by the method of accounting which the taxpayer is required to employ in the computation of its excess profits taxes.

In its opinion upholding the validity of Regulation 112, section 35.736 (a)-3 (as amended by T. D. 5388), the Tax Court followed its majority decision in Basalt Rock Company v. Commissioner[5] which involved Regulation 112, section 35.736 (b)-3 (as amended by T. D. 5388), and in turn the proper construction of section 736(b)

come subject to the tax imposed by this subchapter), and without regard to 80 per centum of the credit provided in section 26(h) (relating to credit for dividends paid on certain preferred stock)." Sec. 710(a) (1) (A) (B), Internal Revenue Code, 26 U.S.C.A. § 710(a) (1) (A, B).

3. "For the purposes of determining the excess profits tax under section 710(a) (1) (B), as an amount which when added to the normal tax and surtax for such year equals 80 per cent of the corporation surtax net income computed without regard to the credit under section 26(e) the corporation surtax net income shall include income from installment sales computed upon the straight accrual basis * * *".

4. 26 U.S.C.A. §§ 710–784.

5. 10 T.C. 600.

of the Internal Revenue Code. This Regulation and statute relate to the method of computing income from long term contracts, that is, by the percentage of completion method of accounting. It is not questioned that in principle the issue was the same as that involved in the proceeding now before us. In the Basalt Rock Company case, supra, five judges of the Tax Court dissented (though the dissenting opinions reveal some difference of basis for the respective dissents), and upon petition for review the decision of the Tax Court was reversed by the Court of Appeals for the 9th Circuit in Basalt Rock Company v. Commissioner, 180 F.2d 281. There the Court upheld the contention of the taxpayer, as now presented by petitioner, Sokol Furniture Company, with reference to the Regulation and statutory provisions claimed to be controlling in this case, and held the Regulation invalid because "inconsistent with section 710(a) (1) (B)," supra. Petitioner urges this adjudication upon us as determinative of the present issue. The respondent-Commissioner, concedes there is no distinction in principle between the question involved in the Basalt case and that presently presented, but asserts that the decision is wrong "on its face," and resulted from a misreading of the statute.

We acknowledge that there is some room for valid argument on both sides of the issue. In any event, the decision of another Court of Appeals upon an issue and principle the same is properly entitled to great weight, and itself affords persuasive argument in the determination of the present case. However, after full consideration, we are unable to follow the decision in the Basalt Rock Company case, supra.

In this case the argument for the petitioning taxpayer treats the provisions of section 710(a) (1) (B) as a definite limit upon the amount of excess profits imposed by section 710(a) (1) (A). The argument in behalf of the Commissioner is that section 710(a) (1) (B) is an alternative tax, even if also a limitation. We need not determine specifically this difference between the litigants since our view of the section accepts to some extent the contentions of each. What is material to us is that the "excess profits tax" is actually imposed by section 710(a) (1), but its amount (the lesser), must be determined by computation under section 710(a) (1) (A) and section 710(a) (1) (B). Both of these subsections are a part of the excess profits tax statute set forth in Chapter 2. The excess profits tax is a separate tax from the income tax which is computed and paid under the terms of Chapter 1. The language of section 736(a) of the excess profits tax statute is significant and controlling. After providing tests of taxpayer eligibility, it authorizes an election by the taxpayer *"for the purposes of the tax imposed by this subchapter,* to compute; in accordance with regulations prescribed by the Commissioner with the approval of the Secretary, its income from installment sales on the basis of the taxable period for which such income is accrued". (Emphasis supplied.) This of course refers to computation of income upon the accrual basis of accounting. The statute does not provide that the taxpayer may elect the accrual basis for the purpose of computing its "adjusted excess profits net income," though it seems to us it must be thus read if we should confine its effect only to section 710(a) (1) (A) as contended by the taxpayer.

Acceptance of the validity of one or the other of the opposing contentions here urged must come from the weight and effect to be given the above quoted provision of the statute. Giving to it the meaning and effect that we do, it necessarily follows, we think, that for the purposes of the excess profits tax imposed by section 710(a) (1) the computation must be made in accordance with the elected accrual method of accounting. It is the "income" of the taxpayer computed on the accrual basis which must at last furnish the primary basis for the ascertainment of the excess profits tax in either event, even though the result is tested and actually ascertained by determining the lesser amount of either section 710(a) (1) (A) or section 710(a) (1) (B). The unqualified word "income" has a definite concept

for all tax purposes. It is the foundation of the computation of both "adjusted excess profits net income" and "corporation surtax net income." Neither subsection refers to accounting methods to be employed in the necessary computation. It is agreed that section 710(a) (1) (A) must be computed by use of the accrual method. We should find clear language before reading into section 710(a) (1) (B) the prescription of a different method of accounting for a computation which is alternative to and limited by, results obtained by the admittedly prescribed accrual basis of accounting. We find no such language in the statute before us. Section 736(a), where applicable, relates to income for the purpose of both computations so far as the method of accounting is concerned.

The language of section 710(a) (1) (B), "the corporation surtax net income, computed under section 15 * * * but without regard to the credit provided in section 26(e)", should not be construed to include and enforce the accounting method employed in the computation under Chapter 1. If this conveys a specific concept, it is a concept only of corporation surtax net income, to which clings no implication of any particular method of accounting by which it is computed. Section 15 of Chapter 1 contains no reference to any particular method of accounting. However, as relates to the excess profits tax, the method of accounting to be employed "for the purposes of the tax imposed" by that subchapter is, as concerns this case, for excess profit tax purposes, fixed by the election of the taxpayer.

█ Under our view that the provisions of section 736(a) must be applied as an integral part of the excess profits tax statute, and therefore operates directly upon both of the measures of the excess profits tax imposed, it follows that the Regulation here attacked is in accord with the statute and a proper declaration to effectuate the legislative purpose that whether the excess profits tax imposed be the amount resulting from computation under section 710(a) (1) (A) or section 710(a) (1) (B), the accounting method employed in either instance shall be that method pro-

vided by the statute to result from the election by the taxpayer.

The ruling of the Tax Court which upholds and enforces the validity of Regulation 112, section 35.736 (a)-3 (as amended by T. D. 5388) is correct and is affirmed.