OPINION. Disney, Judge: The petitioner had net operating losses for the years 1940 and 1941. It seeks to carry them forward for use, as to the taxable years 1942 and 1943, in the computation of “Corporation surtax net income” under section 710 (a) (1) (B) of the Internal Revenue Code. Since December 17,1940, petitioner has been a wholly owned subsidiary of Universal Match Corporation and for 1941, and for that year only, a consolidated excess profits tax return was filed by Universal Match Corporation and its subsidiaries, including petitioner, as an affiliated group. Therein the petitioner’s net operating loss for 1941 was deducted and allowed and consolidated excess profits net income was thereby reduced in the full amount of the net operating loss for 1941. No deduction was taken in the consolidated return, or allowed, for the carry-over of the petitioner’s net operating loss for 1940. The petitioner filed separate excess profits tax returns for 1942 and 1943 and did not therein take deductions for the carry-overs for-net operating losses for 1940 and 1941, but has since filed claim for refund, claiming deduction of such net operating loss carry-overs. The claims have been denied. It is the petitioner’s contention, in substance, that its corporation surtax net income for 1942 and 1943 for the purposes of section 710 (a) (1) (B) should be computed in the same manner as for purposes of chapter 1 by inclusion of deduction of net operating loss carryovers. In our opinion, this case is controlled by our conclusions in D. J. Jorden, 11 T. C. 914 (923-7). We there considered net operating loss for 1940 which had in large part been included in a consolidated excess profits tax return, and after interpretation of the statute and regulations concluded that the operating loss for 1940 sustained by the petitioner during the consolidated return periods could not be used in computing its excess profits tax net income for 1941, a taxable year subsequent to the last consolidated return period; also that operating loss sustained by the petitioner prior to the consolidated return period, that is, in 1939, could not be used in computing its excess profits tax income for 1941. We there relied upon Regulations 110, section 33.31 (d), which was promulgated, pursuant to section 730 of the Internal Revenue Code, on March 14, 1941. Section 730 of the Internal Revenue Code, added by section 201, Second Revenue Act of 1940, authorized the Commissioner to prescribe such regulations as he deemed necessary in order that tax liability of affiliated groups making consolidated returns and of each corporation therein both during and after the period of affiliation might be determined in such manner as clearly to reflect excess profits tax liability and to prevent avoidance thereof. Regulations were issued in reliance thereon, and Regulations 110, section 33.31 (d), provides in pertinent part that: * * * no net operating loss sustained during a consolidated return period of an affiliated group shall be used in computing the net income of a subsidiary * * * for any taxable year subsequent to the last consolidated return period of the group. No part of any net operating loss sustained by a corporation prior to a consolidated return period of an affiliated group * * * shall be used in computing the net income of such corporation for any taxable year subsequent to the consolidated return period * * * As above seen, it was this regulation that was interpreted in D. J. Jorden, supra. Petitioner argues, in substance, that although [as required by section 730 (a) of the Internal Revenue Code] participation in the filing of the consolidated return for 1941 was consent to Regulations 110, such regulations were prior to the enactment on October 21,1942, of section 710 (a) (1) (B) as to limitation of excess profits tax by percentage of “Corporation surtax net income” so that it did not by such consolidated return consent to disallowance of its 1940 and 1941 net operating losses in determination of corporation surtax net income under section 710 (a) (1) (B). We can not agree with such contention. The regulations, so consented to, not only cover both the period prior to the consolidation and the period of consolidation, as here involved, but also provide in general terms 'against use, after the consolidated period — and the taxable years here are after such period — of operating losses during or prior to the consolidated period in computing the net income of a subsidiary. Since the computation of “Corporation surtax net income” involves the computation of net income, being net income minus a credit, it becomes apparent that the regulations promulgated in 1941 are properly applicable to the statute and problem here involved. We deem immaterial the fact that the Commissioner did not disallow the net operating losses for 1940 and 1941 in the deficiency as to taxes under chapter 1 of the Code, for petitioner had filed separate corporation income and declared value excess-profits tax returns for 1940 and 1941 so that consolidation was not therein involved. D.J. Jorden, supra. The petitioner does not attack the validity- of the regulation and we discern no reason against its application here. It is clear, we think, that the language of section 730, above referred to, authorized regulations, as to consolidated returns, to cover the situation here presented; and further that Regulations 110 do, somewhat carefully, cover the instant question and factual situation. Therefore we need not consider Basalt Rock Co., 10 T. C. 600, revd. 180 F. 2d 280, or Sokol Bros. Furniture Co. v. Commissioner, 185 F. 2d 222, disagreeing with the reversal in the Basalt case, which cases petitioner sees as distinguished from the present situation. Further, and only as to the carry-forward of operating losses from 1941, the year of consolidation, it is apparent, we think, that such carry-forward would involve duplication of deductions since petitioner’s net operating loss for 1941 was deducted in the consolidated excess profits tax return for 1941. Such a result was not intended. Doylestown & Easton Motor Coach Co., 9 T. C. 846 (850). Petitioner argues, in substance, that there is no such duplication because the benefit to the parent corporation is subject to regulations with respect to the basis of the stock of petitioner in the hands of the parent. In our view this is immaterial. Therefore regardless of Regulations 110 we think that the disallowance by the Commissioner of the carry-over net operating loss from 1941 was within the statute. We conclude and hold that the Commissioner did not err in denying deduction of the operating losses for 1940 and 1941. Decision will be entered for the respondent.