Ross M. MADDEN, Regional Director of the Thirteenth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS, Inc., et al., Respondents.

No. 58 C 1512.

United States District Court
N. D. Illinois, E. D.

Aug. 26, 1958.

Supplemental Findings of Fact and Conclusions of Law Oct. 7, 1958.

Joseph I. Nachman and Duane Beeson, Washington, D. C., for petitioner.

Mozart G. Ratner, Jacobs & Ratner, Chicago, Ill., for respondents.

PERRY, District Judge.

### Findings of Fact

This case came on to be heard on petition of Ross M. Madden, Regional Director of the National Labor Relations Board, for an injunction under Section 10(*l*) of the National Labor Relations Act, 29 U.S.C.A. § 160(*l*) and the court having heard petitioner's evidence in support of the allegations of its petition and petitioner having rested, respondents called petitioner as their first witness to testify concerning respondents' allegations in their several answers and motion to dismiss that petitioner had not, prior to filing the petition herein, conducted a preliminary investigation of the amended charge upon which the petition is based,

864

as required by Section 10(*l*) of the Act and Section 101.4 of the NLRB's Statements of Procedures, Series 7, as amended, and the court having overruled petitioner's motion to quash the subpoena and the subpoena duces tecum requiring petitioner to testify concerning the preliminary investigation alleged in the petition to have been conducted by him and under his supervision and to bring with him his files, memoranda, and other papers bearing upon such investigation and petitioner, on advice of counsel, declining to produce said files and documents and declining to testify concerning the conduct of a preliminary investigation by him and under his supervision and, because of instructions of his superiors, the NLRB and the General Counsel, declining to answer the questions of respondents' counsel concerning same; and counsel for respondents having moved that the petition for injunctive relief be dismissed for failure of the Regional Director to comply with said subpoenas and having further moved that the petition be dismissed as against respondent MMP for want of evidence that respondent MMP participated in any of the matters alleged in the petition, and the Court having heard arguments of counsel and being fully advised in the premises, makes the following:

### Conclusions of Law

1. Conduct by petitioner of a preliminary investigation of the amended charge as required by Section 10(*l*) of the Act and Section 101.4 of the NLRB's Statements of Procedure prior to filing a petition for injunction based thereon is a condition precedent to petitioner's right to file a petition and is a jurisdictional requirement compliance with which respondents are entitled to challenge and litigate in this proceeding. N.L.R.B. v. Highland Park Mfg. Co., 341 U.S. 322, 325, 71 S.Ct. 758, 95 L.Ed. 969; Goodman Mfg. Co. v. N.L.R.B., 7 Cir., 234 F.2d 775, 776; Crowell v. Benson, 285 U.S. 22, 54–55, 52 S.Ct. 285, 76 L.Ed. 598.

2. Petitioner is not by law entitled to withhold evidence as to its compliance with said jurisdictional requirement in this proceeding in which petitioner is invoking the court's aid and seeking judicial relief. United States ex rel. Touhy v. Ragen, 7 Cir., 180 F.2d 321.

3. Petitioner's refusal to testify and produce the evidence required by the subpoena deprives respondents of opportunity to establish a relevant defense, by due process of law.

4. No evidence has been produced connecting respondent MMP with the events complained of in the petition.

5. For the foregoing reasons, an order should be entered dismissing the petition for injunctive relief as to all respondents.

### Supplemental Findings of Fact and Conclusions of Law

On motion of respondents, the Court makes the following supplemental findings of fact and conclusions of law:

1. Respondent Local 28 is an organization composed exclusively of persons employed in the capacity of deck officer, i.e., master, mate or pilot, aboard vessels navigating rivers in the middle western United States. Such persons are supervisors within the meaning of Section 2(11) of the National Labor Relations Act, 29 U.S.C.A. § 152(11).

2. On August 12, 1958, Local 28 began to picket Ingram Company barges when said barges were present on the premises of Texas Company for the purpose of compelling Ingram to offer reinstatement to members of Local 28.

3. In said picketing, Local 28 acted exclusively on its own behalf and on behalf of its members, and not on behalf of or in a joint venture with respondent Local 3, respondent International or any other organization or person.

4. On August 7, 1958, respondent Local 3 terminated its strike against Ingram and has not thereafter engaged in any picketing of Ingram. There is no reasonable cause to believe that Local 3

will engage in picketing of Ingram in the foreseeable future.

Upon the foregoing findings, the Court makes the following conclusions of law:

1. Respondent Local 28 is not, and there is no reasonable cause to believe that it is, a "labor organization" within the meaning of the National Labor Relations Act. Local 28, in picketing, did not act, and there is no reasonable cause to believe that it did act, as "agent" of any "labor organization" within the meaning of the National Labor Relations Act. Di Giorgio Fruit Corp. v. N.L.R.B., 89 U.S.App.D.C. 155, 191 F.2d 642, 646–647, 28 A.L.R.2d 377; A. H. Bull Steamship Co. v. National Marine Engineers' Beneficial Ass'n, 2 Cir., 250 F.2d 332, 336.

2. The picketing by respondents Local 28 and 3 complained of by petitioner is primary rather than secondary and is not prohibited by Section 8(b)(4)(A), 29 U.S.C.A. § 158(b)(4)(A).

3. It would not be just and proper to grant the injunctive relief requested by petitioner.