Salvatore COSENTINO, Regional Director of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Appellant,

v.

LOCAL 28, INTERNATIONAL ORGANIZATION OF MASTERS, MATES AND PILOTS, AFL–CIO, and E. A. Adams and Harry Rutan, its agents, Appellees.

No. 16161.

United States Court of Appeals
Eighth Circuit.

July 20, 1959.

Norton J. Come, Deputy Asst. Gen. Counsel, N. L. R. B. Washington, D. C. (Jerome D. Fenton, Gen. Counsel, Thomas J. McDermott, Assoc. Gen. Counsel, Winthrop A. Johns, Asst. Gen. Counsel, and Joseph I. Nachman and Fred S. Landess, Attys. N. L. R. B., Washington, D. C., were with him on the brief), for appellant.

Mozart G. Ratner, Chicago, Ill. (Jacobs & Ratner, Chicago, Ill., were with him on the brief), for appellees.

Before SANBORN, VAN OOSTERHOUT, and MATTHES, Circuit Judges.

MATTHES, Circuit Judge.

The sole question for determination on this appeal is the effect of an order entered on August 26, 1958, by Judge Joseph Samuel Perry, of the United States District Court for the Northern District of Illinois, Eastern Division. Madden v. International Organization of Masters, etc., 166 F.Supp. 862. This order dismissed a prior suit instituted on behalf of the National Labor Relations Board (hereinafter referred to as "Board"), Thirteenth Region, seeking an injunction under § 10 (*l*) of the National Labor Relations Act, as amended,[1] against the International Organization of Masters, Mates and Pilots, Inc., AFL-CIO, and Locals 28 and 3, and Harry Rutan, their agent (for brevity, sometimes referred to collectively as "Union"). The acts complained of concerned picketing around property of The Texas Company in Indiana and Illinois, arising from a labor dispute between Union and Ingram Barge Company.

Subsequent to this dismissal, and on December 11, 1958, Salvatore Cosentino, Regional Director of the Fourteenth Region of the Board, filed the petition giving rise to this appeal in the United States District Court for the Eastern District of Missouri, seeking an injunction under § 10*(l)* of the Act. Although this suit involved picketing of Globe Fuel Products, Inc., in Chicago, Illinois, Commercial Barge Lines in St. Louis, Missouri, and The Texas Company in St. Paul, Minnesota, the complained of acts arose from the same labor dispute between Union and Ingram Barge Company. Following an order to show cause, appellees, respondents below, filed their motion to dismiss the petition on the ground, *inter alia,* that Judge Perry's order constituted a dismissal with prejudice, and that application of *res judicata* principles barred petitioner's right to an injunction in this case. The District Court agreed, sustained the motion, and dismissed the Board's petition.

---

1. Labor Management Relations Act, 1947, 61 Stat. 136, 29 U.S.C.A. § 141 et seq., § 160 (*l*). Hereinafter referred to as "Act".

From that order, an appeal was perfected to this Court.

Since Judge Perry's order is the focal point of this controversy, we review the circumstances under which it was entered. As a defense to the Board's petition, Union alleged that the Board had not conducted a preliminary investigation prior to filing charges, as required by § 10(l) of the Act and Section 101.4 of the Board's Statements of Procedures. Ross M. Madden, Regional Director, Thirteenth Region, refused to testify or to produce subpoenaed documents concerning this preliminary investigation, and thereupon, Judge Perry entered the order of dismissal.[2] From that order, the Regional Director appealed to the United States Court of Appeals, Seventh Circuit. Before final determination in that Court, the Board, through counsel, filed a motion to dismiss the appeal. In summary, the motion admitted that the procedures prescribed for investigation of charges in § 10(l) cases, as provided in the Board's published Statements of Procedures, were not followed.[3] On October 2, 1958, this motion was sustained, and the appeal dismissed. See Madden v. International Organization, etc., 7 Cir., 259 F.2d 297, at pages 299–300, where the Court stated: "The appeal is dismissed because this Court finds the Board failed to comply with its own procedures and not because counsel decided to take the case out of our hands."

On October 7, 1958, pursuant to "Emergency Motion for Supplemental Findings of Fact and Conclusions of Law", filed by Union, Judge Perry entered supplemental findings and conclusions. See Madden v. International Organization of Masters, etc., supra, 166 F.Supp. 862, at pages 864–865. The substance of the findings was that Local 28 is an organization composed exclusively of persons who are supervisors within the meaning of Section 2(11) of the Act; that the picketing by Local 28 was carried on exclusively on its own behalf; that Local 3 had terminated its strike against Ingram Barge Company. Upon these additional findings· of fact, the Court made these conclusions of law: Local 28 is not a "labor organization" within the meaning of the Act; Local 28, in picketing, did not act as agent of any labor organization within the meaning of the Act; and that the picketing by Locals 28 and 3 complained of was primary rather than secondary, and not proscribed by the Act. These supplemental findings were, in effect, designed to operate as a complete adjudication on the merits, and on November 26, 1958, the Board filed a petition for writ of mandamus in the United States Court of Appeals for the Seventh Circuit, to compel Judge Perry to vacate these supplemental findings and conclusions of law.

2. Madden v. International Organization of Masters, etc., supra, 166 F.Supp. 862, 864. The Conclusions of Law and the Order are as follows:

"1. Conduct by petitioner of a preliminary investigation of the amended charge as required by Section 10(l) of the Act and Section 101.4 of the NLRB's Statements of Procedure prior to filing a petition for injunction based thereon is a condition precedent to petitioner's right to file a petition and is a jurisdictional requirement compliance with which respondents are entitled to challenge and litigate in this proceeding. * * *

"2. Petitioner is not by law entitled to withhold evidence as to its compliance with said jurisdictional requirement in this proceeding in which petitioner is invoking the court's aid and seeking judicial relief. * * *

"3. Petitioner's refusal to testify and produce the evidence required by the subpoena deprives respondents of opportunity to establish a relevant defense, by due process of law.

"4. [Not here relevant]

"5. For the foregoing reasons, an order should be entered dismissing the petition for injunctive relief as to all respondents.

"Order

"It is hereby ordered, adjudged and decreed that the petition be and it hereby is dismissed. * * *"

3. The reasons forming the basis for the motion appear in footnote 5, Madden v. Perry, 7 Cir., 264 F.2d 169, 172, certiorari denied, 79 S.Ct. 1450.

We leave the events in the Seventh Circuit for a moment, and turn again to the proceeding before us. While the petition for mandamus was pending before the Court of Appeals, Seventh Circuit, the petition for injunction in this case was filed. Here, the Board alleged that on November 19, 1958, Ingram Barge Company filed a charge with the *Fourteenth Region* of the Board, asserting that Local 28, and its agents, E. A. Adams and Harry Rutan were engaging in unfair labor practices within the meaning of Section 8(b) (4) (A) of the Act [picketing of Commercial Barge Lines, Inc.]; that on November 7, 1958, Ingram filed an amended charge with the *Thirteenth Region* of the Board, alleging that the same Local and its agent, Harry Rutan, were engaging in unfair labor practices [picketing of Globe Fuel Products Company]; that on November 24, 1958, Ingram filed another charge with the *Eighteenth Region* of the Board, alleging that the same local and its agents, E. A. Adams and Harry Rutan, were engaging in unfair labor practices [picketing of The Texas Company]; and that the charges filed with the Thirteenth and Eighteenth Regions had been transferred to the Fourteenth Region.

It appears from the record of the argument on the motion to dismiss, and from the order dismissing the petition, that the Hon. Roy W. Harper, Judge, United States District Court, Eastern District of Missouri, entertained the view that the alleged unfair labor practices forming the basis of this action, although subsequent in point of time, were the same as the charges upon which the prior (Illinois) proceeding were bottomed, in that, concededly, they had their source in the same labor dispute; that notwithstanding the fact that the instant unfair labor charges were initiated by different parties, this action is substantially between the same parties to the prior (Illinois) litigation. In construing Judge Perry's order of dismissal as being based on the failure to comply with the subpoena duces tecum issued in that action, Judge Harper observed that "[u]nder Rule 41(b) of the Federal Rules of Civil Procedure (28 U.S.C.A.) dismissal of an action for failure to comply with an order of the court operates as an adjudication upon the merits unless the order for dismissal otherwise specifies." So positioning himself, Judge Harper was of the opinion that the order of dismissal operated as a bar to this action.

On February 27, 1959, and subsequent to entry of the order of dismissal by Judge Harper, and appeal therefrom to this Court, the Court of Appeals for the Seventh Circuit entered its judgment in the mandamus proceeding, Madden v. Perry, 264 F.2d 169, certiorari denied 1959, 79 S.Ct. 1450. It appears that the answer filed on behalf of Judge Perry reviewed the proceedings in Judge Perry's Court relating to the action for injunction, and alleged that the order dismissing the petition operated as an adjudication on the merits; that to protect and effectuate the benefits accruing to respondents in that proceeding by virtue of the order of dismissal, and in order to obtain relief from the operation of the order insofar as it failed to include findings and conclusions "on the already fully litigated substantive issues concerning Locals 28 and 3 which would serve to estop petitioner from relitigating those issues in a subsequent Section 10 *(l)* proceeding," respondents had filed a timely motion for supplemental findings of fact and conclusions of law. The answer to the petition for writ of mandamus also set forth the substance of the proceedings in *this case,* including the order of dismissal entered by Judge Harper. See Madden v. Perry, supra, 264 F.2d at page 173.

Thus, the scope and effect of Judge Perry's order of dismissal, which is the pith and core of the controversy before us, was placed squarely before the Seventh Circuit in the mandamus proceeding. It is quite manifest that the interpretation placed by that Court on the order is contrary to Judge Harper's con-

clusion. The Court stated, 264 F.2d at pages 174, 175:

"Counsel for Judge Perry argues in this court—

 " 'The judgment of the district court, *although resulting from the Board's refusal to allow its Director to testify,* operated, by virtue of Rule 41(b) "as an adjudication on the merits," i. e., as a dismissal of the action "with prejudice" * *.' (Italics supplied for emphasis.)

"He overlooks the fact that the order of dismissal specifies the precise grounds upon which the petition was dismissed. He also overlooks the fact that, according to the court's order, the dismissal was based upon a failure of a jurisdictional requirement, which is expressly excepted from the operation of rule 41(b).

"We hold that, under rule 41(b), Judge Perry, having in the order for dismissal specified the grounds therefor, which, as to the Locals, did not involve the merits of the case, the dismissal order does not operate as an adjudication upon the merits. The purpose of the inclusion of the quoted sentence in rule 41(b) is to state the effect of a general dismissal in which the court specifies no grounds therefor."

In granting the writ, and directing Judge Perry to set aside and strike the supplemental findings which he made, the Court further observed, 264 F.2d at pages 175, 176:

"From a practical standpoint, there is a substantial doubt as to whether a new section 10(*l*) proceeding would succeed if these findings and conclusions are to remain of record and thus might be cited in an effort to defeat such new proceeding. Their continued existence would afford a pretext for citing them in an effort to bolster an argument that the record before Judge Perry is *res judicata* or collateral estoppel in proceedings against the same unions on new causes of action. They should be immediately nullified to remove the potential mischief inherent in them. The alacrity with which respondents cited to Judge Harper the proceedings before Judge Perry is proof that the potentialities here envisaged do not lack substance."

In the interest of uniformity, a court of appeals is not justified in refusing to follow the decision of another court of appeals unless satisfied that the prior decision is clearly erroneous. United States v. Blosser, 8 Cir., 104 F.2d 119, 121, and cases cited; Birmingham v. Geer, 8 Cir., 185 F.2d 82, 85, certiorari denied, 340 U.S. 951, 71 S.Ct. 571, 95 L.Ed. 686; Prewett v. Commissioner of Internal Revenue, 8 Cir., 221 F.2d 250, 252, and cf. Sokol Bros. Furniture Co. v. Commissioner of Internal Revenue, 5 Cir., 185 F.2d 222, 224, certiorari denied 340 U.S. 952, 71 S.Ct. 571, 95 L.Ed. 686.

Since the identical order which was the keystone for Judge Harper's action was fully considered by the Seventh Circuit, that Court's interpretation thereof is entitled to great weight, and we should not adopt a contrary view unless it convincingly appears that the decision in Madden v. Perry is palpably wrong. We adhere to that decision. It seems clear to us, and for the reasons set forth in Madden, that Judge Perry's order, considered in context, refutes the contention that the dismissal of the petition in that case operated as an adjudication upon the merits within the meaning of Rule 41(b), Federal Rules of Civil Procedure.

Also urged upon us are the contentions, (1) that application of *res judicata* principles to Section 10(*l*) proceedings would be incompatible with their nature and function and impair the Congressional policy underlying Section 10(*l*); and, (2) that even if the principles of *res judicata* were applicable, they would not constitute a bar here because this proceeding is not based on the same cause of action embraced in the Illinois case. We do not reach or consider these points

but rather base our decision upon the determination of the Seventh Circuit and our own conclusion that Judge Perry's dismissal of the prior action did not constitute a dismissal on the merits.

The order appealed from is reversed and the cause remanded for further proceedings.