**NATIONAL LABOR RELATIONS BOARD v. CONSOLIDATED MACHINE TOOL CORPORATION.**

No. 236, Docket 20516.

Circuit Court of Appeals, Second Circuit.

July 25, 1947.

Writ of Certiorari Denied Nov. 17, 1947.

See 68 S.Ct. 164.

Gerhard P. Van Arkel, Gen. Counsel, Morris P. Glushien, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, and Dominick L. Manoli, Joseph D. Greene and Reeves R. Hilton, all of Washington, D. C., for petitioner.

Percival D. Oviatt, of Rochester, N. Y. (George J. Skivington, of Rochester, N. Y., of counsel), for respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

■ This is a petition by the National Labor Relations Board for enforcement of its order of April 25, 1946 entered against Consolidated Machine Tool Corporation after a hearing before a trial examiner upon charges of unfair labor practices. The order is based upon findings that the respondent had engaged in certain unfair labor practices; it directs the respondent to cease therefrom and affirmatively requires it to bargain collectively, upon request, with Pattern Makers League of North America, affiliated with the American Federation of Labor, as the exclusive representative of its wood pattern makers at its plant in Rochester, N. Y., and to post appropriate notices. The respondent

contends that the Board's findings are not supportable and its designation of the League as the bargaining representative is unjustified because the pattern makers had voluntarily withdrawn from the League before the hearing. On such issues the court's function is extremely limited; if the Board's findings are supported by substantial evidence they must be accepted.

■ In January 1945 the International Association of Machinists was seeking to become the collective bargaining representative of all the respondent's production and maintenance employees, while the League was endeavoring to organize the wood pattern makers. On January 16th it was agreed between representatives of the Board, the respondent, the Association and the League that the pattern makers, of whom there were only ten, should constitute a separate unit for purposes of collective bargaining. By that date nine of the ten pattern makers had signed applications for membership in the League, and shortly thereafter Foreman Maier was informed of that fact. Although signing the application did not make the applicant a member of the League, since approval of the application and initiation of the candidate was requisite to membership, the Wagner Act requires no specific form of authorization to the bargaining agent and an application for union membership implies authority to bargain. Lebanon Steel Foundry v. National Labor Relations Board, 76 U.S.App.D.C. 100, 130 F.2d 404, 406, certiorari denied 317 U.S. 659, 63 S.Ct. 58, 87 L.Ed. 530. Moreover, Lichtenwalter, district organizer for the League, testified that he had informed the applicants that signing the applications was a request to the League to act as their bargaining representative. Hence there was substantial evidence to support the Board's finding that on January 16, 1945 the League was the exclusive bargaining agent of the respondent's pattern makers. Nor can the finding be upset by the testimony that some of the signatures were conditional or were affixed in the belief that application for membership in the League was necessary to obtain exclusion from the unit which the Association hoped to represent. Lich-

tenwalter, who solicited the applications, denied that they were delivered conditionally, and the Board credited his testimony. Any issue of credibility must obviously be settled by the trial examiner who saw the witnesses.

■ Before the date of the hearing on September 6, 1945, all of the pattern makers had signed letters withdrawing their applications for membership in the League and expressing the wish not to be represented by it. Whether such withdrawal was voluntary or was induced by unfair labor practices of the employer was for the Board to find, and it found coercion. We cannot hold that there was no substantial evidence to support such finding. Foreman Maier requested the pattern makers to postpone their initiation into the League because of the Embrey incident. In making this request he stated that the management had accused him of having been the cause of the pattern makers' joining the League, thus communicating to them the company's opposition to the League. Shortly thereafter, in April, Maier declared himself against the League by telling Simon that four of the pattern makers were against it, and expressing the opinion that, if it got in, the result would be that junior employees would receive the same wages as the seniors of whom Simon was one. In July 1945 Superintendent Hohnhorst called each of the pattern makers to his office, and, after discussing the charges filed by the League against the respondent, questioned him regarding his attitude toward the League and obtained his agreement to sign a letter withdrawing his application for membership and stating his desire not to be represented by the League. These incidents, in our opinion, sufficiently support the Board's conclusion that the respondent interfered with the employees' rights to self-organization, in violation of section 8(1) of the National Labor Relations Act, 29 U.S.C.A. § 158(1).

■ The evidence also supports the finding as to the respondent's refusal to bargain with the League in violation of section 8(5). Whether the refusal was motivated by a genuine doubt as to the

League's designation by a majority of the pattern makers was for the Board to decide, and the coercive conduct previously discussed supports the Board's inference that the respondent's doubt was spurious. Also the choice of the remedy appropriate to expunge the effects of unfair labor practices is for the Board, not the courts. Consequently its affirmative order to bargain with the League was correct. Franks Bros. Co. v. National Labor Relations Board, 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020.

In one respect, however, we think the order was too broad. Paragraph 1(b) should be limited by inserting the adjective "pattern-maker" before the word "employees", and a corresponding change made in the notice required to be posted. There was no evidence whatever of interference with employees other than those in the pattern-makers unit and no hostility to the Association's efforts to organize the other unit. The injunction should not go beyond the threatened danger. See May Department Stores Co. v. National Labor Relations Board, 326 U.S. 376, 392, 66 S.Ct. 203, 90 L.Ed. 145.

The order is modified as above indicated and enforcement granted of the order as so modified.