## NATIONAL LABOR RELATIONS BOARD v. LA SALLE STEEL CO.

No. 9863.

United States Court of Appeals
Seventh Circuit.

Dec. 9, 1949.

830

David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, National Labor Relations Board, Washington, D. C., Robert Acker-

berg, Chief Law Officer, National Labor Relations Board, Chicago, Ill., Dominick L. Manoli and Rosanna A. Blake, Washington, D. C., for petitioner.

James J. Cusack, Jr., John F. Cusack, Robert E. Cusack, Chicago, Ill., for intervenor LaSalle Steel Employees Ass'n, Inc.

Lee C. Shaw, Charles D. Preston, Chicago, Ill., for respondent.

Before FINNEGAN, LINDLEY and SWAIM, Circuit Judges

LINDLEY, Circuit Judge.

The National Labor Relations Board seeks, pursuant to Section 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e), enforcement of its order issued February 6, 1947, based upon the finding that respondent had violated Section 8(1) of the National Labor Relations Act, 29 U. S.C.A. § 158(1), by interrogating employees concerning their union activities, by prohibiting all union activity on company property, whether during working time or during non-working time, and by interfering with its employees' freedom of choice in the course of an election ordered by the Board to determine which of two rival unions should be recognized as the exclusive bargaining representative of respondent's employees.

In August, 1937, respondent recognized the La Salle Steel Employees' Association, Inc., an Indiana not for profit corporation, as the exclusive bargaining representative of its employees. The United Steel Workers of America, C. I. O., which had unsuccessfully attempted to organize respondent's employees in the summer of 1937, renewed its activities in September, 1944, and, on February 1, 1945, filed with NLRB a petition for the determination and certification of bargaining representative pursuant to Section 9 of the Act. 29 U.S.C.A. § 159. On March 30, 1945, the Board, having decided that a question of representation had arisen, directed that an election be held. This election, conducted under the Board's supervision on April 20, 1945, resulted in a victory for the Association, which received 106 votes to C. I. O.'s 93. However, because C. I. O. had filed with the Board certain objections to the conduct of the election, certification of the Association as exclusive bargaining representative of respondent's employees was withheld by the Board. The Regional Director reported that the objections filed by C. I. O. raised substantial and material issues as to the conduct of the election and recommended that the election be set aside. Meanwhile, as the result of additional charges filed by C. I. O., a complaint had been issued against respondent averring that it had engaged in and was engaging in unfair labor practices within the meaning of Section 8, subsections (1) and (2), of the Act. The Board ordered that the complaint and the objections to the election be consolidated.

At the conclusion of the hearing, the trial examiner issued an intermediate report, finding that, although there was no evidence to show that respondent had violated Section 8 (2), the evidence did sustain the charge that respondent had violated Section 8(1) of the Act. Exceptions to this report were filed with the Board, who, adopting, with slight modifications, the examiner's report, dismissed the complaint insofar as it alleged violations of Section 8(2), but found that respondent had violated Section 8(1) of the Act by promulgation of a no-solicitation rule; by indicating, through the statements of its supervisory officials and employees, its preference for the Association and its hostility to the C. I. O., and, by announcing, on the day of the election, that the War Labor Board had approved wage increases for its employees, thereby interfering with their freedom of choice and intentionally attempting to influence their votes in that election. This decision, rendered February 6, 1947, was accompanied by an order directing respondent to cease and desist from: (1) encouraging activity on behalf of the Association and against the C. I. O.; (2) prohibiting union activity on company property during non-working time; or (3) otherwise interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed them by the Act. Respondent was ordered to: (1) rescind its rule prohibiting union activity on company property during non-working

time; (2) refrain from bargaining with the Association as the representative of any of its employees; and (3) post the customary notices of compliance at its plant. It is this order which the Board now asks this court to enforce.[1]

Respondent, resisting the Board's petition for enforcement, urges that it was seriously prejudiced, in its right to a fair trial, by the Board's consolidation of the hearing on the objections to the conduct of the election with that concerning the unfair labor practices charged; that the evidence relied on by the Board in concluding that respondent had violated Section 8(1) of the Act does not support such conclusion and that that portion of the order directing respondent to refrain from bargaining with the Association, considered separately and apart from the remainder of the order, is not supported by the Board's findings of fact and is improper even should the court conclude that the findings are supported by adequate evidence.

█ Respondent, in contending that it was prejudiced by the consolidated hearing ordered by the Board, insists that this type of hearing, at which counsel for the Board introduced evidence without indicating to respondent to which charge said evidence related, misled the respondent and confused the Board. This contention seems to us without merit. That there is no intrinsic evil in such a consolidated hearing has been established, N. L. R. B. v. American Laundry Machinery Co., 2 Cir., 152 F.2d 400, and we find no reason to conclude that the procedure followed in this case misled respondent or otherwise operated to its prejudice. Respondent asserts that it believed that the statements of its supervisory employees were introduced only in support of the objections to the election. However, it is difficult to understand how respondent could be justified in indulging such assumption, for the unfair labor practices complaint expressly charged that respondent had assisted the Association and had interrogated

its employees concerning their union activities, so that respondent must have been aware that the statements of its supervisory officials and employees, which tended to prove that such assistance had been given and that such interrogation had occurred, were offered in connection therewith. Especially is this true where respondent knew, —and this is evident from the respondent's brief,—that those statements, because they had been made prior to the filing of the C. I. O.'s petition for a representation election, were not relevant to the objections to the conduct of the election, Matter of Maywood Hosiery Mills, Inc., 64 N.L.R.B. 146, and therefore could not have been offered in connection with that issue.

Respondent insists that the Board's finding that respondent had engaged in unfair labor practices in violation of Section 8(1) of the Act is not supported by adequate evidence. This finding, based on the interrogation of respondent's employees by certain of respondent's supervisory officers (Vice President See, Superintendent Evens, and Foreman Sylwestrowicz), on respondent's announcement, on the day of the election, of the War Labor Board's approval of a pay increase negotiated between the respondent and the association, and on the respondent's no-solicitation rule, would seem to have ample support in the evidence. H. J. Heinz Co. v. N. L. R. B., 311 U.S. 514, 61 S.Ct. 320, 85 L.Ed. 309; International Association of Machinists v. N. L. R. B., 311 U.S. 72, 61 S.Ct. 83, 85 L.Ed. 50; N. L. R. B. v. S. Frieder & Sons Co., 3 Cir., 155 F.2d. 266 enforcing 62 N.L.R.B. 880; N. L. R. B. v. Illinois Tool Works, 7 Cir., 153 F.2d 811; N. L. R. B. v. American Furnace Co., 7 Cir., 158 F.2d 376, 380. Respondent, however, urges that the statements attributed to its supervisory officials and employees were within the realm of free speech, guaranteed by the First Amendment and Section 8(c) of the amended Act, and that, in any event, the statements of Foreman Sylwestrowicz cannot be attributed to respondent. It insists that the Board's conclusion with

1. The Board also set aside the results of the election held on April 20, 1945, but there is no dispute as to that phase of the order, which both parties recognize is not reviewable under Section 10 of the Act. American Federation of Labor v. N. L. R. B., 308 U.S. 401, 60 S.Ct. 300, 84 L. Ed. 347.

respect to the no-solicitation rule is not supported by the record, and, finally, that the Board, in determining if respondent had violated the Act, could not consider any events which occurred prior to the filing of the C. I. O.'s election petition.

■ The fallacy in respondent's contention that the statements of See, Evens, and Sylwestrowicz could not be considered by the Board because they were made prior to the date on which the petition for an election was filed stems from the respondent's unwarranted assumption that these statements were introduced in connection with the objections to the conduct of the election. The rule urged by the respondent, based on the Board's decision in Matter of Maywood Hosiery Mills, Inc., 64 N.L.R.B. 146, would prevent the Board from considering these statements in determining whether the election should be set aside, but, as has been pointed out, these statements were pertinent in support of specific allegations in the unfair labor practices complaint and, as to the issues raised by that complaint, the Board was not estopped from considering them because they were made prior to the filing of the election petition. N. L. R. B. v. Clark Bros. Co., 2 Cir., 163 F.2d 373, enforcing 70 N.L.R.B. 802; N. L. R. B. v. Phillips Gas & Oil Co., 3 Cir., 141 F.2d 304.

■ In arguing that the statements of Foreman Sylwestrowicz are not attributable to it, respondent relies on the decision of this court in the case of N. L. R. B. v. Reynolds International Pen Co., 7 Cir., 162 F.2d 680. In that case, it was held that an employer is not responsible for statements made by its supervisory employees expressing their own personal views with respect to unions and their activities, but it is significant to note that the supervisory employee there involved had prefaced his speech with the remark that he was making it on his own authority and not on that of the company, whereas in this case there is nothing to indicate that the statements of Sylwestrowicz were so limited or so understood. Also distinguishable are the cases holding that isolated expressions of minor supervisory employees are not attributable to the employer, for, in the light of the statements of See and Evens, it could hardly be argued that the remarks of Sylwestrowicz constituted "isolated expressions" of hostility toward the C. I. O. In such a situation, the Supreme Court decisions in International Association of Machinists v. N. L. R. B., 311 U.S. 72, 78, 61 S.Ct. 83, 85 L.Ed. 50; H. J. Heinz Co. v. N. L. R. B., 311 U.S. 514, 518–520, 61 S.Ct. 320, 85 L.Ed. 309, and N. L. R. B. v. Link-Belt Co., 311 U.S. 584, 598, 61 S.Ct. 358, 85 L.Ed. 368, impel the conclusion that the statements of Foreman Sylwestrowicz are attributable to respondent.

Respondent's contention that the finding of the Board concerning its no-solicitation rule is not supported by substantial evidence is bottomed on the premise that the 1947 amendment of Section 10(e) of the Act had the effect of nullifying the rule laid down by the Supreme Court in Republic Aviation Corp. v. N. L. R. B. and N. L. R. B. v. Le Tourneau Co., 324 U.S. 793, 65 S.Ct. 982, 89 L.Ed. 1372, 157 A.L.R. 1081. Those cases held that the Board could find that a rule prohibiting union activities or solicitation on an employer's premises during the employees non-working time, even though applied in a non-discriminatory fashion, is violative of Section 8(1) of the Act, unless the employer can show that the rule is necessary for the maintenance of plant discipline or production. Thus, the existence of such a rule was made the basis of a presumption, rebuttable by the employer, that he was violating the Act. This court followed the Supreme Court's decision in N. L. R. B. v. Illinois Tool Works, 7 Cir., 153 F.2d 811, 814, and N. L. R. B. v. American Furnace Co., 7 Cir., 158 F.2d 376, 380.

■■ But the respondent says that the 1947 amendment, which provides that "The findings of the Board with respect to questions of fact if supported by substantial evidence on the record considered as a whole shall be conclusive", means that the Board can no longer make a no-solicitation rule the basis of even a rebuttable presumption that the employer has violated the Act and precludes the courts from upholding a Board finding that such a rule violates the Act unless there is evidence to show that

the rule is not necessary. Respondent's argument is without support in the cases decided since the amendment. The Republic Aviation and Le Tourneau cases, supra, are still cited with approval by the courts, N. L. R. B. v. Stowe Spinning Co., 336 U.S. 226, 69 S.Ct. 541; N. L. R. B. v. Lake Superior Lumber Corp., 6 Cir., 167 F.2d 147, and a consideration of the language of the amendment has led this court and that of the Fourth Circuit to conclude that, regardless of what Congress might have intended, Section 10(e) does not materially enlarge the scope of judicial review of the Board's findings of fact. Moreover, it is exceedingly difficult to understand how the use of the words "substantial evidence on the record considered as a whole" can be construed to mean that evidence which the Supreme Court felt was substantial enough to raise a rebuttable presumption is now to be given less weight than formerly; we think there is nothing in the language of the amendment to suggest that Congress intended any such result. While the amendment may mean that existence of the no-solicitation rule must be proved by "substantial evidence on the record considered as a whole" instead of just "substantial evidence," it does not seem to us that it could have the effect of altering the weight to be accorded the existence of the rule, once that fact is proved. And the clear statement of the rule in the letter distributed by respondent to its employees on the eve of the election precludes the court from setting aside the Board's finding, for it is, undeniably, substantial evidence of the existence of the rule, whether viewed alone or on the record considered as a whole.

Respondent, while admitting that the Supreme Court decisions in International Association of Machinists v. N. L. R. B., 311 U.S. 72, 61 S.Ct. 83, 85 L.Ed. 50, and N. L. R. B. v. Link-Belt Co., 311 U.S. 584, 61 S.Ct. 358, 85 L.Ed. 368, indicate that the statements of See, Evens, and Sylwestrowicz do not fall within the realm of free speech, contends that the decision in Thomas v. Collins, 323 U.S. 516, 65 S.Ct. 315, 89 L.Ed. 430, constitutes an abandonment of the doctrine of the two earlier cases, and that Section 8(c) of the Act expressly in-

corporates the rule of the later case. Accordingly, respondent argues, the statements of its supervisory employees and the announcement, on the day of the election, of the War Labor Board approval of a wage increase for its employees could not properly have been regarded by the Board as unfair labor practices or as evidence thereof.

Respondent quotes, from the decision in Thomas v. Collins, supra, the following language [323 U.S. 516, 65 S.Ct. 326]: "Accordingly, decision here has recognized that employers' attempts to persuade to action with respect to joining or not joining unions are within the First Amendment's guaranty." This, says the respondent, amounts to an abandonment of the view expressed in the International Association of Machinists and Link-Belt cases, supra. Such a conclusion is untenable in view of the statement, immediately following the quotation relied on by respondent, that "When to this persuasion other things are added which bring about coercion, or give it that character, the limit of the right has been passed." Then, too, the citation, as authority for this statement, of International Association of Machinists v. N. L. R. B., supra, is hardly reconcilable with respondent's contention that the view expressed in that case was being abandoned. Moreover, the decision referred to in the language quoted by respondent, N. L. R. B. v. Virginia Electric & Power Co., 314 U.S. 469, 62 S.Ct. 344, 348, 86 L.Ed. 348, while recognizing that the employer is free, by virtue of the First Amendment, to express his views on labor policies, continues as follows: "But certainly conduct, though evidenced in part by speech, may amount in connection with other circumstances to coercion within the meaning of the Act. If the total activities of an employer restrain or coerce his employees in their free choice, then those employees are entitled to the protection of the Act. And in determining whether a course of conduct amounts to restraint or coercion, pressure exerted vocally by the employer may no more be disregarded than pressure exerted in other ways." And here again, the court goes on to quote from and to cite

with approval the International Association of Machinists case.

 From the foregoing, it seems clear that the first Amendment's free speech guaranty cannot be used as a shield for an employer to "interfere with, restrain, or coerce employees in the exercise of the rights guaranteed * * *" them by the Act. And it is also clear that the statements in question, in connection with the announcement made by respondent on the day of the election, constitute substantial evidence of interference, by respondent, with its employees' freedom of choice in the election, unless Section 8(c) of the amended Act prevents their consideration as such. That section provides: "The expressing of any views, arguments, or opinion, or the dissemination thereof, whether in written, printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice under any of the provisions of this Act, if such expression contains no threat of reprisal or force or promise of benefit." This language seems to us no more than a restatement of the principle embodied in the First Amendment, or, as respondent says in its brief, "the rule in Thomas v. Collins * * * specifically written into the Act"; it does not mean that statements which go beyond the expressing of * * * views, argument, or opinion" and constitute acts of interference with the rights of employees shall not constitute evidence of unfair labor practices. And both the announcement by respondent of the War Labor Board's approval of a raise negotiated between it and the Association, made on the day of the election and even before respondent had received official notice thereof, and the interrogation of its employees (which does not stand "naked and alone" as did that in the Sax case, Sax v. N. L. R. B., 7 Cir., 171 F.2d 769), accompanied by none too subtle intimations of its preference for the Association over the C. I. O., seem to us to go beyond the expression of "views, arguments, or opinion" contemplated by Section 8(c) and constitute acts of interference with its employees' right to elect their own bargaining representative, and to require this court to sustain the Board's finding that respondent violated Section 8(1) of the Act.

 Respondent's contention that the portion of the Board's order requiring it to refrain from bargaining with the Association is not warranted by the record must be rejected. It is well settled that it is for the Board to determine what remedial measures are best suited to neutralize the unfair labor practices which have occurred and, thus, to effectuate the policies of the Act, International Association of Machinists v. N. L. R. B., 311 U.S. 72, 82, 61 S.Ct. 83, 85 L.Ed. 50; Franks Bros. Co. v. N. L. R. B., 321 U.S. 702, 64 S.Ct. 817, 88 L.Ed. 1020; Elastic Stop Nut Corp. v. N. L. R. B., 8 Cir., 142 F.2d 371, 380, certiorari denied 323 U.S. 722, 65 S.Ct. 55, 89 L.Ed. 580; N. L. R. B. v. Southern Wood Preserving Co., 5 Cir., 135 F.2d 606, 607, and there is nothing to indicate that the Board abused its discretion in ordering respondent to refrain from bargaining with the Association unless and until the Association shall have been certified by the Board as the bargaining representative of its employees; on the contrary, this phase of the order would appear to be a natural consequence of respondent's past unlawful assistance of the Association. Elastic Stop Nut Corp. v. N. L. R. B., supra.

 One final question remains and, that concerns the propriety of granting the Board's petition for enforcement in view of the long time lapse between the date of the issuance of the order (February 6, 1947) and the date of the filing of the petition (March 25, 1949). The question is raised by a recent decision of the Court of Appeals for the District of Columbia, N. L. R. B. v. Eanet, 1949, 179 F.2d 15, refusing to enforce a two-year-old order directing a small hotel to cease and desist warning its employees to refrain from joining unions and interfering with the union's efforts to organize and represent its employees, the court basing its decision on the fact that there was no showing based on a reasonably recent inquiry, that the enforcement decree was necessary, and on the further fact that the case, unlike the one before this court, involved an extremely minor matter. More closely analogous to our case is N. L. R. B. v. Norfolk Shipbuilding & Drydock Corp., 4 Cir., 172 F.2d 813, in which, despite a lapse of over two years between the issu-

ance of the order and the filing of the petition, the court enforced the order on the basis of its conviction that it was appropriate for present enforcement and that no substantial harm would result therefrom. Examining the present order in the light of the decision in that case, it is certainly not inappropriate to restrain respondent from bargaining with the Association or encouraging activity on its behalf while discouraging such activity on behalf of the C. I. O. or from otherwise interfering with its employees in the exercise of their right to choose their own representatives; nor is it inappropriate to require the rescission of the no-solicitation rule and the posting of notices of compliance. Neither is it apparent that substantial harm would result from the enforcement of the order, for the respondent is required only to do that which, under the Act, it was bound to do in the first instance, and, as for the Association, it has no right to represent respondent's employees until such time as they choose it to represent them in an election free of interference or pressures.

Judgment will enter enforcing the order.