## NATIONAL LABOR RELATIONS BOARD v. BAILEY CO. (EAST SIDE BRANCH).

No. 10883.

United States Court of Appeals
Sixth Circuit.

Feb. 13, 1950.

Frederick U. Reel, Washington, D. C., David P. Findling, A. Norman Somers, Frederick U. Reel, and Albert Gore, Washington, D. C., on brief, for petitioner.

Eugene B. Schwartz, Cleveland, Ohio, Welles K. Stanley, Eugene B. Schwartz, Carl H. Clark, Cleveland, Ohio, on brief; Stanley, Smoyer & Schwartz, Cleveland, Ohio, of counsel for respondent.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

This is a petition for enforcement of an order of the National Labor Relations Board which found, upon undisputed evidence, that during the week preceding an election directed by the Board, respondent company called each of its employees to its office, and after impressing upon each of them its opposition to the union, proceeded to advise them of its intention to grant certain economic benefits to them. The Board concluded that the promising of such benefits in this manner and under the attendant circumstances interfered with, restrained, and coerced the employees in the exercise of the rights of self-organization and collective bargaining through representatives of their own choosing, guaranteed them under Section 7 of the National Labor Relations Act, 29 U.S.C.A. § 157. It, accordingly, ordered respondent to cease and desist from in any manner interfering with, restraining, or coercing its employees in the exercise of such rights. While declaring that expressions of views voiced by the company to certain of its employees and statements contained in circulars and notices distributed to them by the company before the election clearly indicated respondent's hostility to the union and its leaders and the company's preference for individual bargaining, the Board held that this was an expression of opinion protected by the Constitutional guarantee of free speech. The Board based its findings of an unfair practice upon the promises of economic benefits made by the company to the employees immediately preceding the election.

The economic benefits promised by the respondent consisted, among other matters, of more frequent payments of commissions —from semiannual to quarterly payments. Theretofore the employees had been paid a weekly draw which was deducted from their earned commissions. But when an employee's commissions were less than his total draw for the six months' period, the difference between his total draw and his earned commissions was canceled. In other words, respondent's rules required neither the return of the overdraw from the employees nor its deduction from future earnings. The foregoing change of more frequent payment of commissions obviously constituted an advantage to the employees because the increase in frequency of payment of commissions increased the number of occasions in which a deficit in commissions with respect to the draw might be canceled. In addition, a more advantageous drawing account was promised to the employees, as well as a more generous vacation plan, and improvement of existing locker and rest room facilities.

The Board was justified in concluding that through the promises of the economic benefits above mentioned, the respondent was demonstrating to its employees that resort to self-organization was plainly unnecessary. This constituted interference with the exercise by the employees of their right of self-organization and collective bargaining through representatives of their own choosing. "Interference is no less interference because it is accomplished through allurements rather than coercion." National Labor Relations Board v. Crown Can Co., 8 Cir., 138 F.2d 263, 267. An employer interferes with the right of self-organization when he emphasizes to his employees that there is no necessity for a collective bargaining agent. May Department Stores Co. v. National

Labor Relations Board, 326 U.S. 376, 385, 66 S.Ct. 203, 90 L.Ed. 145. It is urged by respondent that its action with regard to the promise of economic benefits was only to insure that its employees received the same advantages as employees in its other stores, as well as other workers engaged in similar employment in the same metropolitan area. But inferences as to whether or not proposals to confer economic benefits on employees have for their purpose the discouraging of such employees' interest and activity in the union, are for the Board and not for the court. National Labor Relations Board v. Mt. Clemens Pottery Co., 6 Cir., 147 F.2d 262, 264. The offering of wage increases by an employer to his employees at a time when a union is engaged in organizing activity is held to be a violation of Section 8(a) (1) of the Act prohibiting interference with the right of self-organization and collective bargaining. F. W. Woolworth Co. v. National Labor Relations Board, 2 Cir., 121 F.2d 658; M. H. Ritzwoller Co. v. National Labor Relations Board, 7 Cir., 114 F.2d 432, 435.

■ As to respondent's contention that the statements to its employees with respect to the union, including its promises to them of economic benefits, were protected as an exercise of its right of free speech, it may be said that the language of Section 8(c) of the National Labor Relations Act, as amended by the Labor Management Act of 1947, 29 U.S.C.A. § 141 et seq., 61 Stat. 136,[1] is no more than the restatement of the principle embodied in the First Amendment. The promise of economic benefits, however, constituted such interference as to fall outside the protection of the Act. Section 8(c), as amended, provides that expressions which contain a promise of benefit are not protected. In National Labor Relations Board v. La Salle Steel Co., 7 Cir., 178 F.2d 829, 835, it was held that the announcement by respondent of the War Labor Board's approval of a raise in wages negotiated between it and an "Association," made on the day of an election supervised by the Board, and the interrogation by the company of its employees, "accompanied by none too subtle intimations of its preference for the Association over the (union)" go beyond the expression of views, argument, or opinion contemplated by Section 8(c) of the Act; constitute acts of interference with the employees' right to select their own bargaining representative; and require the court to sustain the Board's finding that respondent violated Section 8(a) (1) of the Act.

■ The Board's order requiring respondent to cease and desist from in any manner interfering with, restraining, or coercing its employees in their right of self-organization and collective bargaining through representatives of their own choosing, was not too broad. See National Labor Relations Board v. Sunbeam Electric Mfg. Co., 7 Cir., 133 F.2d 856. But the notice required by the order of the Board to be posted should, as contended for by respondent and conceded by petitioner, include the following: "All our employees are free to refrain from becoming or remaining members of any labor organization." See National Labor Relations Board v. American Rolling Mill Co., 6 Cir., 126 F.2d 38. The order will be modified in the respect indicated.

A judgment will be entered enforcing the order as modified.

1. "The expressing of any views, argument, or opinion, or the dissemination thereof, whether in written, printed, graphic, or visual form, shall not constitute or be evidence of an unfair labor practice under any of the provisions of this Act, if such expression contains no threat of reprisal or force or promise of benefit."