202 F.2d 100
 NATIONAL LABOR RELATIONS BOARD
v.
JACK SMITH BEVERAGES, Inc.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, LOCAL 194,
v.
NATIONAL LABOR RELATIONS BOARD.
 No. 11493.
 No. 11521.
 United States Court of Appeals Sixth Circuit.
 February 17, 1953.
 
 David P. Findling and Duane B. Beeson, Washington, D. C. (George J. Bott, David P. Findling, A. Norman Somers, Frederick U. Reel and Duane Beeson, Washington, D. C., on the brief), for National Labor Relations Board.
 Francis E. Lindsay, Jackson, Mich. (J. Adrian Rosenburg, of Rosenburg, Painter & Davidson, Jackson, Mich., on the brief), for Jack Smith Beverages, Inc.
 Albert J. Goldberg, of Padway, Goldberg & Previant, Milwaukee, Wis., for International Brotherhood of Teamsters, etc.
 Edward F. Conlin, Louis E. Burke and Richard J. Mann, Ann Arbor, Mich., for Edwards Brosther, Inc., amicus curiae.
 Before SIMONS, Chief Judge, and ALLEN, Circuit Judge.
 ALLEN, Circuit Judge.
 
 
 1
 These consolidated cases arise out of a petition for enforcement by the National Labor Relations Board, a cross-petition by respondent to review and set aside the order, and a subsequent petition by the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Local 194[1] (AFL), hereinafter called "Teamsters," to review and set aside the order sought to be enforced. The facts are in the main not controverted.
 
 
 2
 Jack Smith Beverages, Inc., a company engaged in the purchase and distribution of beer, ale and wine, has its principal place of business at Jackson, Mich. and operates two branch offices at Adrian and Ypsilanti in the same state. Approximately 31% of its purchases for the year 1949, which amounted to $1,835,644.04, came from outside the state of Michigan. Respondent employs in its three branches driver-salesmen who distribute the beverage products within the state of Michigan, working on a commission basis. Thirteen of these drivers were employed at the Ypsilanti branch. It was charged that the respondent through its president Smith and its Ypsilanti branch manager, Petty, interfered with, restrained and coerced its employees in the right of organization guaranteed under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and violated the same statute in dominating and supporting Local 164 of the Teamsters (AFL). The trial examiner found that respondent had practiced coercion, restraint and domination at the Ypsilanti plant and this finding was approved and adopted by the Board, which issued the usual cease and desist order and ordered the Teamsters' Union disestablished in all three of respondent's branches.
 
 
 3
 On consideration of the record as a whole we conclude that the principal findings of the Board are sustained by substantial evidence, elicited not only from witnesses for the Board but also from respondent's president, Smith, and Petty, the manager of the Ypsilanti branch. A majority of the drivers at Ypsilanti had signed membership cards in the International Union of United Brewery, Flour, Cereal and Soft Drink Distillery Workers of America (CIO), hereinafter called "Brewers." Smith and Petty influenced the drivers to repudiate their CIO membership and later encouraged and facilitated membership in the Teamsters (AFL) in which association respondent paid the membership dues of every employee involved. These activities constituted a violation of Section 8(a)(1) and (2) of the act.
 
 
 4
 Subsequent to the issuance of the order of the Board, Local 164 of the Teamsters, intervenor at the hearing before the examiner, attacked the jurisdiction of the Board upon the principal ground that the charging union and its parent federation, the CIO, had not complied with requirement of Section 9(h) of the Act as to the filing of non-Communist affidavits. While the requisite affidavits had not been filed at the time that the charge was instituted, it is conceded that both the Brewers and the CIO had complied with Section 9(h) when the complaint was issued. This is sufficient. National Labor Relations Board v. Dant, 344 U.S. 375, 73 S.Ct. 375.
 
 
 5
 However, the Board erred in ordering the disestablishment of the Teamsters (AFL) not only at the Ypsilanti branch but also at the Jackson and Adrian branches of respondent's business. The disestablishment of the Teamsters at the Ypsilanti branch was proper, but the extension of this drastic order to branches of respondent's business in no way involved in these proceedings was not justified. The charge was limited to activities of respondent carried on in Ypsilanti. All material events in the case took place in and around Ypsilanti only. The organization drive of the CIO was not extended to Jackson and to Adrian. The solicitation of the drivers to repudiate their membership in the CIO and to affiliate with the AFL and the other activities which constituted unlawful coercion and restraint of the employees were carried on in or around Ypsilanti and with relation to the Ypsilanti plant. The Board is not authorized to issue a cease and desist order covering activities in an area not embraced in the charge, and in an area where there is no evidence of violation of the statute. To order that the AFL or any other labor organization be excluded from regions in which wrongful activity of an employer is neither charged nor shown to exist imposes an unlawful restraint of choice upon employees in those regions.
 
 
 6
 The order disestablishing the Teamsters' Union (AFL) will be enforced as limited to the plant and employees of the respondent in Ypsilanti, Michigan. All restrictions in the order covering disestablishment of the Teamsters' Union (AFL) in respondent's plants at Adrian and Jackson are set aside. Textual corrections are to be made in the order to conform to this holding. May Dept. Stores Co. v. National Labor Relations Board, 326 U.S. 376, 393, 66 S. Ct. 203, 90 L.Ed. 145; Globe Cotton Mills v. National Labor Relations Board, 5 Cir., 103 F.2d 91; National Labor Relations Board v. Consolidated Machine Tool Corporation, 2 Cir., 163 F.2d 376; National Labor Relations Board v. Federal Engineering Company, Inc., 6 Cir., 153 F.2d 233. As thus modified the decree is enforced. The petition to review and set aside the order of the National Labor Relations Board is dismissed.
 
 
 7
 HICKS, J., participated in the hearing and conference with reference to this case, but died before the opinion was announced.
 
 
 
 Notes:
 
 
 [1]
 The Teamsters' Local is denominated 194 in the caption of the case. This is an error. The correct number is 164