**NATIONAL LABOR RELATIONS BOARD v. CHARLES R. KRIMM LUMBER CO. et al.**

No. 172, Docket 22558.

United States Court of Appeals Second Circuit.

Argued March 12, 1953.

Decided April 2, 1953.

George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, Arnold Ordman and Maurice Alexandre, Attorneys, National Labor Relations Board, Washington, D. C., Maurice Alexandre, Washington, D. C., of counsel, for petitioner.

Joseph M. McNerney and McNerney & Page, Williamsport, Pa., for respondent, Charles R. Krimm Lumber Co.

Robert W. Bascom, Fort Edward, N. Y., for respondent Northern Pine Corp.

John Dumont, attorney and counsel for respondents.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

PER CURIAM.

The National Labor Relations Board has petitioned this court for enforcement of its order issued against respondents Charles Krimm Lumber Company (hereafter referred to as Krimm Company) and Northern Pine Corporation (hereafter referred to as Northern). Section 10(e) of the N.L.R.A., 29 U.S.C.A. § 151 et seq. The order requires respondents to cease and desist from the unfair labor practices found to have been committed and from interfering in any other manner with the rights of the employees under § 7 of the N.L.R.A. The respondents are further ordered to bargain collectively with the union upon request and to post the usual notices.

The evidence was conflicting whether, as the trial examiner and the Board found, the employer had promised a wage increase once the employees disaffiliated themselves from the union, or whether the employer's statements only referred to the fact that a raise could not be granted during a union organizing campaign. But we cannot say that there was not substantial evidence on the whole record to support the Board's finding on this question of fact. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; 65 Harv.L.Rev. 162. This promise was clearly a violation of § 8(a) 1. Medo Photo Supply Corp. v. N. L. R. B., 321 U.S. 678, 685, 64 S.Ct. 830, 88 L.Ed. 1007; N. L. R. B. v. Bailey Co., 6 Cir., 180 F.2d 278. The Board was entitled to consider the employer's conduct as a whole in concluding that other incidents were illegal interferences with the employees' right to organize in violation of § 8(a) 1. See Canyon Corp. v. N. L. R. B., 8 Cir., 128 F.2d 953, 955. The finding that the polling of the employees concerning their desire for continuing with union representation was part of the coercive campaign of Krimm Company **is**

196

supported by the record. In N. L. R. B. v. Kingston, 6 Cir., 172 F.2d 771, the court emphasized that there was not present a background of anti-union conduct. Likewise, the assistance given in preparing the necessary papers for disaffiliation from the union and the granting of a wage increase following the disaffiliation action might properly be found to be part of an anti-union campaign. N. L. R. B. v. West Ohio Gas Co., 6 Cir., 172 F.2d 685, is distinguishable on the facts. Cf. N. L. R. B. v. Consolidated Machine Tool Corp., 2 Cir., 163 F.2d 376, 378, certiorari denied 332 U.S. 824, 68 S.Ct. 164, 92 L.Ed. 399; N. L. R. B. v. Lovvorn, 5 Cir., 172 F.2d 293, 294. It is contended that the Board's finding that there was a refusal to bargain collectively in good faith in violation of § 8(a) 5 is unfounded, since the refusal to recognize and deal with the union was motivated by a good faith doubt as to what constituted the appropriate bargaining unit. The Board held that Krimm Company's conduct as a whole demonstrated that it had no sincere interest in learning whether it was obliged to recognize the union, but rather was seeking ways to eliminate it. Again there is substantial evidence in the record as a whole to justify this conclusion. Cf. N. L. R. B. v. Everett Van Kleeck & Co., 2 Cir., 189 F.2d 516. Nor is the obligation to bargain ended because the union may have lost its majority status as a result of the unlawful interference by the employer. Medo Photo Supply Corp. v. N. L. R. B., 321 U.S. 678, 687, 64 S.Ct. 830, 88 L.Ed. 1007.

■ Respondents further contend that the order contains too broad a prohibition in enjoining acts entirely unrelated to the unfair labor practices of which the employer was guilty. We hold that the Board was justified in concluding that respondents' past conduct was such as to warrant a broad prohibition; the danger that other acts of interference would be committed in the future could reasonably be anticipated. N. L. R. B. v. Express Publishing Co., 312 U.S. 426, 437, 61 S.Ct. 693, 85 L.Ed. 930; see N. L. R. B. v. Bailey Co., 6 Cir., 180 F.2d 278, 280.

■ Respondents also object to the inclusion of Northern, successor to Krimm Company, in the order. Although a separate corporate entity was apparently created, the evidence of substantially identical stock ownership, common directors and officers, and the absence of any change in operations justified the conclusions that the order should issue against Northern as well as against Krimm Company. N. L. R. B. v. O'Keefe & Merritt Mfg. Co., 9 Cir., 178 F.2d 445, 448–449; N. L. R. B. v. Fred P. Weissman Co., 6 Cir., 170 F.2d 952, 954, certiorari denied 336 U.S. 972, 69 S.Ct. 942, 93 L.Ed. 1122; see Southport Petroleum Co. v. N. L. R. B., 315 U.S. 100, 106, 62 S.Ct. 452, 86 L.Ed. 718; cf. N. L. R. B. v. Condenser Corp., 3 Cir., 128 F.2d 67, 71.

Enforcement granted.