## NATIONAL LABOR RELATIONS BOARD
### v.
### GIALLANZA.
### No. 86, Docket 22785.

United States Court of Appeals,
Second Circuit.

Argued Nov. 5, 1953.

Decided Nov. 19, 1953.

George J. Bott, General Counsel, David P. Findling, Assoc. Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Samuel M. Singer, James A. Ryan, Washington, D. C., for petitioner.

Vedo M. Candiello, Hornell, N. Y., for respondent.

Before CHASE, Chief Judge, CLARK, Circuit Judge, and BRENNAN, District Judge.

PER CURIAM.

The Board adopted in part the findings of the Trial Examiner, together with his conclusions and recommendations, and held that the respondent had discharged her employees, Zirkelbach, Kinnee, Wyckoff, Gerould, Carey, Coogan, Lodato, and Furlong, in violation of § 8(a)(1) and (3) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.C.A. § 151 et seq; that she had contributed to the support of, and dominated an association of her employees known as the Modern Cleaners Employees Association in violation of § 8 (a)(2) of the Act and thereby had interfered in violation of § 8(a)(1), with the exercise by her employees of their statutory rights. She was ordered to cease and desist; to offer said employees reinstatement and to make them whole for loss of pay; to disestablish the Modern Cleaners Employees as a collective bargaining representative of any of her employees and to post the usual notices.

The respondent has opposed this petition to enforce the order on the ground that the evidence in the record is insufficient to support the findings. A review of the record considered as a whole shows, however, that there is substantial evidence in support of the Board's findings though it is true that there was also conflicting evidence tending to show that at least the discharge of Zirkelbach was for cause. That be-

ing so, the findings are now conclusive as the Taft-Hartley Act provides. 61 Stat. 148, 29 U.S.C.A. § 160(e).

That, in effect, disposes of the respondent's resistance to the petition to enforce the order since the acts of the respondent, as found, were violations of the Act as held by the Board. N. L. R. B. v. Peter Cailler Kohler Swiss Chocolates Co. Inc., 2 Cir., 130 F.2d 503; N. L. R. B. v. Kennametal, Inc., 3 Cir., 182 F.2d 817; N. L. R. B. v. Pennsylvania Greyhound Lines, Inc., 303 U.S. 261, 58 S.Ct. 571, 82 L.Ed. 831; American Enka Corp. v. N. L. R. B., 4 Cir., 119 F.2d 60; N. L. R. B. v. Charles R. Krimm Lumber Co., 2 Cir., 203 F.2d 194.

**Order enforced.**