## NATIONAL LABOR RELATIONS BOARD
v.
## LOUISVILLE CONTAINER CORP.
### No. 11781.

United States Court of Appeals
Sixth Circuit.
Jan. 27, 1954.

Lewis C. Green, Washington, D. C., George J. Bott, David P. Findling, A. Norman Somers, and Frederick U. Reel, Washington, D. C., on brief for petitioner.

James U. Smith, Jr., Louisville, Ky., Edward A. Dodd, Dodd & Dodd, Smith & Smith, Louisville, Ky., on brief, for respondent.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order of May 13, 1952 against the respondent Louisville Container Corporation. The order is based on findings and rulings by the Board that the respondent had violated Section 8(a) (1) and (5) of the National Labor Relations Act, 29 U.S.C.A. § 158 (a) (1, 5), by interrogating its employees concerning their union sympathies and affiliations, by granting unilateral wage increases without negotiating with the designated bargaining representative, by causing to be circulated among the employees a petition stating that they did not wish to be represented by any labor union, and by refusing to bargain collectively with the Union as the exclusive representative of all its employees.

■ In our opinion, the findings are supported by substantial evidence on the record considered as a whole, and as a matter of law support the Board's rulings that such acts constituted violations of Sections 8(a) (1) and (5) of the Act. N. L. R. B. v. Ford Brothers, 6 Cir., 170 F.2d 735, 738; N. L. R. B. v. Bailey Co., 6 Cir., 180 F.2d 278; May Department Stores Co. v. N. L. R. B., 326 U.S. 376, 384, 66 S.Ct. 203, 90 L.Ed. 145.

At the hearing before the Trial Examiner, the respondent moved to dismiss the complaint for the reasons (1) that it failed to allege that the charging Union had complied with the provisions of Sections 9(f), (g), and (h) of the Act, Sections 159(f), (g) and (h), Title 29 U.S.C.A., which require the filing of certain affidavits by Union officers, (2) that the Board had denied its motion that the Board produce for inspection, copying and photographing all such affidavits, and (3) that any such affidavits purporting to comply with the non-Communist requirement were false. The Trial Examiner took judicial notice of the administrative determination of the Board that the Union was in compliance, personally verified the fact that the required affidavits had been filed by reference to the Board's files, refused to permit the respondent to litigate the question of the verity of the affidavits on the ground that questions of fact relating to compliance were for administrative determination and not litigable before the Board, and denied the motion.

■ Respondent contends before us that compliance with that section of the Act is jurisdictional, and that the complaint does not allege these necessary jurisdictional facts. We have previously decided this question adversely to respondent's contention. N. L. R. B. v. Wiltse, 6 Cir., 188 F.2d 917, certiorari denied 342 U.S. 859, 72 S.Ct. 87, 96 L.Ed. 647. See also N. L. R. B. v. I. F. Sales Co., 6 Cir., 188 F.2d 931; N. L. R. B. v. Michalik, 6 Cir., 201 F.2d 48. See also N. L. R. B. v. Sharples Chemicals, 6 Cir., 209 F.2d 645, in which this question is fully discussed.

■ The case last cited above also supports the Board's ruling that the verity of the affidavits is not a litigable matter before the Board.

■ Respondent's motion that the Board be required to produce for inspection, copying and photographing the affidavits purported to have been filed was denied by the Trail Examiner on the ground that the documents were not material to the issues in the case. In view of our ruling that their verity could not be litigated before the Board the Examiner's ruling does not appear to be reversible error. We disagree with the policy of the Board in refusing to furnish to the respondent information about the compliance status of the charging union. But this proceeding does not involve policy.

■ Compliance by the union is a prerequisite to the proceeding. N. L. R. B. v. Highland Park Mfg. Co., 341 U.S. 322, 71 S.Ct. 758, 95 L.Ed. 969. There is some question whether the Board has the right to determine if the charging union is in compliance. Farmer, Chairman v. United Electrical, Radio & Machine Workers of America, D.C.Cir., 211 F.2d 36. Assuming, without deciding, that it has such authority, the Board, in determining the question of compliance, should receive from any party having a legitimate interest in the proceeding information which might assist it in its administrative determination. Unless the respondent knows such matters as the names of the persons executing the affidavits, the date of execution, and the names of the officers listed upon the union's certificate of officers, it is as a practical matter materially restricted in its participation in the determination. We are advised that the procedure followed in this case is not the present policy of the Board, which now releases to parties having a legitimate interest, under proper safeguards, the names of designated union officers and of persons who have filed the required affidavits. Sunbeam Corp., 94 N.L.R.B. 844, 845, August 29, 1951. In what way, if any, respondent may have enforced its claim to par-

ticipate in such administrative determination, conducted by the Board on a union-by-union basis, separate and independent of any proceeding against a particular respondent, is not before us on this review. The question was for determination by the Board in such an independent proceeding. There has been the necessary administrative finding of compliance, supported by the ex parte finding of the Trial Examiner that affidavits had been filed. Whether it was correctly made is not before us in this proceeding. N. L. R. B. v. Sharples Chemicals, supra.

Decree of enforcement will be entered.