**NATIONAL LABOR RELATIONS BOARD**

v.

**KOCHER et al.**

**No. 165, Docket 22867.**

United States Court of Appeals Second Circuit.

Argued March 2, 1954.

Decided March 24, 1954.

George J. Bott, Gen. Counsel, David P. Findling, Associate Gen. Counsel, A.

Norman Somers, Asst. Gen. Counsel, Fannie M. Boyls, Myron S. Waks, Washington, D. C., for petitioner.

Altieri & Schwartz, New York City, for respondent; James V. Altieri, New York City, of counsel.

Before CHASE, Chief Judge, FRANK and HINCKS, Circuit Judges.

PER CURIAM.

The Board adopted the findings of its trial examiner to the effect that after the respondent[1] knew that one of its employees, Benjamin Powell, had joined a union, Local 32–B, Building Service Employees International Union AFL, it attempted to coerce him into renouncing his union membership and, failing in that, discharged him "because he joined the Union and refused to renounce the Union when requested to do so by the Respondent." It found that the respondent had engaged in unfair labor practices in violation of Section 8(a) (1) and 8(a) (3) of the Act, 29 U.S.C.A. § 158(a) (1, 3), and ordered it to offer the employee reinstatement to his former position, or to one substantially equivalent; to make him whole for loss of pay because of his discriminatory discharge; and to post the usual notices.

This petition is to enforce that order and the sole question now presented is whether the record as a whole gives substantial evidential support to the order as required by Universal Camera Corp. v. National Labor Relations Board, 340 U. S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

We hold that it does. Powell was a porter and elevator operator and after he had joined the union the respondent was notified by the New York State Labor Relations Board, on or about March 13, 1951, that the union had filed a petition seeking its certification for collective bargaining with the respondent. Although Powell's name was not mentioned, he was the only member of the union and, as the Board found, "the only person on whose behalf the Union was acting." It

---

1. The employers were Walter Kocher and Rose Kocher, doing business as Walter Kocher and Company, who will be called the respondent.

was found on substantial evidence that after Walter Kocher learned of the union's petition he said to Powell, "Do you think I am going to let the Union come in here and run my business? If you don't like the money I am paying, and I am paying more than the Union, why don't you quit?" On the same day he asked respondent's bookkeeper, Maryl Bastien, "to find out what salary Ben wanted."

The bookkeeper then talked with Powell; offered him an increase in pay; and asked him if he "would be happy on the job without the Union" if he received what she was offering him. He told her he would not and that he wanted a forty hour work-week and recognition of the union. She reported her conversation with him to Kocher. This was apparently in March 1951 and on the following April 12, 1951, shortly before there was to be a hearing on the union's petition before the New York State Labor Relations Board, Powell was discharged. There was evidence to support the respondent's contention that his discharge was because Walter Kocher reached the conclusion, on information he had received, that Powell was untrustworthy and also because Powell had been impertinent to him.

Such conflicting evidence presented an issue as to the credibility of witnesses who testified at the hearing before the trial examiner. But when that issue was resolved adversely to the respondent, the record as a whole was left with evidence, not inherently improbable, which was adequate to show that the respondent had interfered with the exercise by Powell of rights, guaranteed him in Section 7 of the Act, 29 U.S.C.A. § 157, in violation of Section 8(a) (1). It also supported the inference drawn from the facts as found that the discharge was due to unlawful discrimination, in violation of Section 8 (a) (3), because the employee insisted upon exercising his right to remain a member of the union and to support it in its attempt to secure recognition for collective bargaining purposes. Consequently, the record as a whole is sufficient and the order should be enforced. National Labor Relations Board v. Charles B. Krimm Lumber Co., 2 Cir., 203 F.2d 194.

Enforcement granted.