**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**MITCHELL PLASTICS, INC.,**
Respondent.

No. 13449.

United States Court of Appeals
Sixth Circuit.

Oct. 21, 1958.

Thomas J. McDermott, Frederick U. Reel, Washington, D. C., Regional Director Thos. Roumell, Detroit, Mich., for petitioner.

Norman L. Des Jardins, Owosso, Mich., for respondent.

Before SIMONS and MILLER, Circuit Judges, and JONES, District Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order of March 14, 1957, which ordered the respondent (1) to cease and desist from interfering with, restraining or coercing its employees in the exercise of their right to self-organization, to bargain collectively through representatives of their own choosing, and to engage in concerted activities for the purpose of mutual aid or protection, (2) from discouraging membership in and activities on behalf of the local Union by discriminating in regard to hire or tenure of employment of its employees, and (3) to offer to an employee Dolores Newell immediate and full reinstatement to her former position and make her whole for any loss of earnings suffered as a result of discrimination against her because of her union activities. Sections 8(a) (1) and 8(a) (3) of the National Labor Relations Act, Sections 158(a) (1) and 158(a) (3), Title 29 U.S.C.A.

The case was heard by the Court upon the record, briefs and arguments of counsel. The Court is of the opinion that the finding of the Board that re-

spondent violated Section 8(a) (1) of the Act by promising the employees benefits if they rejected the Union in an impending election and by instituting insurance benefits without bargaining with the Union after it had been certified as the exclusive representative of the employees, is supported by substantial evidence on the record and considered as a whole. N.L.R.B. v. Bailey Co., 6 Cir., 180 F.2d 278.

 The finding of the Board that the respondent violated Section 8(a) (3) of the Act by discriminatorily discharging one of its employees, Dolores Newell, because of her union activities was contrary to the finding of the Trial Examiner and of the Chairman of the Board. We are of the opinion that this finding is not supported by substantial evidence on the record considered as a whole, and that Dolores Newell was discharged for cause. N.L.R.B. v. Mylan-Sparta Co., 6 Cir., 166 F.2d 485, 490–491; United Fireworks Mfg. Co. v. N.L.R.B., 6 Cir., 252 F.2d 428, 430–431; Sec. 160 (c), Title 29 U.S.C.A.

So much of the order as directs the respondent to cease and desist from discouraging membership in and activities on behalf of the local Union by discriminating in regard to hire or tenure of employment of its employees, to offer reinstatement of employment to Dolores Newell and to make her whole for any loss of earnings suffered as a result of discrimination against her because of her union activities is stricken, the notice which the respondent was directed to post is amended in the same respects.

And it is decreed that the order as so modified be enforced.