**UNION CARBIDE CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 14921.**

United States Court of Appeals Sixth Circuit.

Dec. 26, 1962.

William C. Treanor and Henry Clifton, Jr., Buell, Clifton & Truner, New York City, for petitioner.

Elliott Moore, Atty., N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, James C. Paras, Atty., N. L. R. B., Washington, D. C., on the brief), for respondent.

Before McALLISTER, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

Carbide has petitioned this Court to review an order of the Board entered on March 5, 1962 which found that it had violated Section 8(a) (1) of the National Labor Relations Act, as amended (29 U. S.C. § 151, § 158(a) (1)) and ordered that it cease and desist from threatening, interfering with and coercing employees and, further ordered that the election held on February 17, 1961 be set aside and a new election conducted. The Board answered the petition, denying the existence of any error in its order and requested enforcement thereof by this Court.

The principal error relied upon by Carbide was that the Board quoted out of context a few lines of a prepared speech delivered by either Carbide's Work Manager or his assistant in the election campaign at thirty-three meetings of groups of thirty-five to ninety employees and held that the speech constituted a threat of loss of employment and a material misrepresentation of the facts.

The questioned language, which was taken from a speech of about 2,000 words, was as follows:

"Customers are buying products on the basis of prices, delivery, and dependability. The facts are that in some cases we are the sole source of supply at present for some of our customers. We have been told that we would not continue to be the sole source of supply if we become unionized, due to the ever present possibility of a work stoppage due to strikes or walkouts."

In so ruling a panel of the Board, Member Leedom dissenting, reversed the Trial Examiner who had found that these words were not coercive and were not deliberately false or misleading, but substantially, correctly and accurately reported to the employees the gist of what one customer had stated.

Considering the record as a whole, we find in the speech no coercion, threat of reprisal or interference with the election. There was no misrepresentation, deliberate or otherwise.

This was the only violation found by the Board in the entire election campaign which was vigorously conducted by both sides.

Carbide was exercising its right of free speech which was guaranteed not only by the Constitution, but specifically by Section 8(c) of the National Labor Relations Act, as amended (29 U.S.C. § 158(c)). National Labor Relations Board v. Bailey Co., 180 F.2d 278 (C.A.6); National Labor Relations Board v. Crystal Laundry & Dry Cleaning Co., 308 F.2d 626 (C.A.6).

We think the utterances of either side in an election campaign ought not to receive a narrow or strained construction.

In our judgment, the speech did not constitute a violation of Section 8(a) (1) of the Act.

Nor do we regard the isolated statements made after the election to two out of 1700 employees as justifying a finding as to a violation of Section 8(a) (1) of the Act and the issuance of a cease and desist order. National Labor Relations Board v. Mississippi Products, Inc., 213 F.2d 670 (C.A.5).

Enforcement of the Board's order is denied.