**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**The CHARDON TELEPHONE COMPANY, Respondent.**

**No. 15276.**

United States Court of Appeals
Sixth Circuit.

Oct. 16, 1963.

Peter Giesey, Atty., N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin Pollack, Atty., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Frank V. Moran, Jr., Cleveland, Ohio (Clyne, Moran & Perelman, William Patrick Clyne, Cleveland, Ohio, on the brief), for respondent.

Before CECIL, Chief Judge, PHILLIPS, Circuit Judge, and PECK, District Judge.

PER CURIAM.

This is a petition for enforcement of an order of the National Labor Relations Board finding that respondent violated Sections 8(a) (1) and (2) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) and (2).

It was charged, and the Board found, that respondent violated § 8(a) (1) by promising, at meetings held with employees immediately prior to a Board election, economic benefits to its employees, for the purpose of discouraging support of the Union. The record shows that these benefits were granted immediately after the election, if not before. Specifically, the Board found that the company planned to improve the method of computing overtime; to supply certain small tools; to give at least two hours pay to employees called out to work before or after regular working hours; to give more liberal aid to employees seeking to further their education; and to contribute a portion of hospitalization insurance premiums. While the testimony is conflicting, there is substantial evidence on the record considered as a whole to support the Board's findings of an § 8(a) (1) violation. N.L.R.B. v. Bailey Co., 180 F.2d 278 (C.A. 6).

After the Union lost the election, an employees' committee was established. Apparently it is not disputed that this constituted a labor organization within the meaning of § 2(5), 29 U.S.C. § 152 (5). See N.L.R.B. v. Sharples Chemicals, Inc., 209 F.2d 645, 652 (C.A. 6).

The Board found that respondent's president suggested the organization of such a committee, and appointed five people to choose the committee. This committee first met in the president's office on company time, and the president attended and presided over the first two meetings, and kept the minutes until a secretary was selected. In light of these findings, which are supported by substantial evidence, it must be concluded that respondent dominated and assisted this committee, in violation of § 8(a) (2). Cf. N.L.R.B. v. General Shoe Corp., 192 F.2d 504 (C.A. 6), cert. denied 343 U.S. 904, 72 S.Ct. 635, 96 L.Ed. 1323; N.L.R.B. v. Sharples Chemicals, Inc., supra. Disestablishment of the committee, as ordered by the Board, is the proper remedy.

This does not mean that the employees on their own initiative can not form their own committee without any assistance or domination from management. Employees are free to form their own independent organization, but the National Labor Relations Act requires that any such organization shall be completely independent of the employer. N.L.R.B. v. Lane Cotton Mills Co., 111 F.2d 814, 816 (C.A. 5).

A decree will be entered enforcing the order of the Board.