NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

WESTERN RESERVE TELEPHONE COMPANY, Respondent.

No. 15265.

United States Court of Appeals Sixth Circuit.

Oct. 25, 1963.

Joseph C. Thackery, Atty., N. L. R. B., Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Washington, D. C., on the brief), for petitioner.

Frank V. Moran, Jr., Cleveland, Ohio (Clyne, Moran & Perelman, William Patrick Clyne, Cleveland, Ohio, on the brief), for respondent.

Before WEICK and PHILLIPS, Circuit Judges, and FREEMAN, District Judge.

PER CURIAM.

The National Labor Relations Board seeks enforcement of its order issued against respondent based upon findings of violations of § 8(a) (1) and (2) of the National Labor Relations Act, 29 U.S.C. § 158(a) (1) and (2).

We have to resolve the usual question as to whether there is substantial evidence on the record to support the Board's findings of unfair labor practices and whether the Board's order is appropriate to remedy the conduct which the Board has condemned.

The Board found that during the union organization campaign the respondent's president, at a meeting of employees, asked for a show of hands from those who had signed union cards. There was no response from the group nor from an individual employee who was questioned. The construction superintendent then reprimanded the employees who had signed union cards for not having the courage of their convictions, and said that if he had signed a card he would have held up his hand even "if it cost him his job." There is evidence in the record to the effect that the superintendent said: "There wasn't a man in the crowd with any guts," that he was "ashamed of the employees" and they were "cowards for not backing up their convictions." The Board found that the polling of employees was not undertaken solely for the purpose of seeking information with respect to whether or not respondent should deal with the Union and held this action to be violative of § 8(a) (1) of the Act. These findings of the Board are supported by substantial evidence, and, in the light of all the circumstances, it must be concluded that this interrogation constituted intimidation in violation of § 8(a) (1). N. L. R.

B. v. Firedoor Corp. of America, 291 F.2d 328 (C.A. 2), cert. denied, 368 U.S. 921, 82 S.Ct. 242, 7 L.Ed.2d 136.

 Also supported by substantial evidence is the Board's finding that just before the election respondent announced a plan to give a three per cent retroactive wage increase, and that after the election, in which the union was defeated, this pay increase was granted. The record supports the inference that the timing of this increase was more than a mere coincidence, and constituted a promise of economic benefits violating § 8(a) (1). N. L. R. B. v. Philamon Laboratories, Inc., 298 F.2d 176 (C.A. 2), cert. denied, 370 U.S. 919, 82 S.Ct. 1555, 8 L.Ed.2d 498; N. L. R. B. v. Bailey Co., 180 F.2d 278 (C.A. 6). This Court said in the latter case: "[I]nferences as to whether or not proposals to confer economic benefits on employees have for their purpose the discouraging of such employees' interest and activity in the union, are for the Board and not for the court." 180 F.2d at 280.

 The Board also found that respondent's president was instrumental in the formation and launching of an Employees Committee, a labor organization within the meaning of § 2(5); that respondent dominated or interfered with the formation or administration of the committee and contributed support to it; that respondent's president recommended and encouraged formation of the committee and attended most of its meetings; and that respondent's foreman solicited and instructed employees to attend meetings of department groups to elect representatives to the committee. There is evidence in the record that a foreman told employees that he wanted the men "to go along with the committee or else." Most of the meetings of the committee were held on company time at a conference room in respondent's central office. Minutes were kept by the secretary to respondent's vice-president. The bylaws of the committee gave powers to the company president which are not consistent with the free and independent bargaining envisioned by the National Labor Relations Act. The Board's findings support the conclusion that respondent dominated and interfered with the committee in violation of § 8(a) (2). N. L. R. B. v. Chardon Telephone Co., 323 F.2d 563 (C.A. 6); N. L. R. B. v. Sharples Chemicals, Inc., 209 F.2d 645 (C.A. 6).

The Board ordered respondent to cease and desist from the above unfair labor practices and directed that the Employees Committee be disestablished. We are of the opinion that the order of the Board should be enforced.

This does not mean that the employees on their own initiative cannot form their own committee, so long as it is completely independent of the employer. N. L. R. B. v. Chardon Telephone Co., supra.

A decree will be entered enforcing the order of the Board.